# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **FAMILY MEDICINE PHARMACY LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0053-WS-MU |
| | ) |
| **IMPAX LABORATORIES, INC.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Amended Class Action Complaint (doc. 24) and Plaintiff's Suggestion of Mootness (doc. 25).

On March 27, 2017, defendant filed a Motion to Dismiss (doc. 25) plaintiff's Class Action Complaint (doc. 1) pursuant to Rule 12(b)(6), Fed.R.Civ.P. The Court promptly entered a briefing schedule, pursuant to which plaintiff's response to the Rule 12(b) Motion was due on or before April 11, 2017, with any reply by defendant to be filed by April 18, 2017. (*See* doc. 22.) On April 10, 2017, however, plaintiff filed an Amended Class Action Complaint (doc. 24). This filing was made as of right pursuant to Rule 15(a)(1)(B), Fed.R.Civ.P., inasmuch as plaintiff had not previously amended its pleading and the amended pleading was filed within 21 days after service of defendant's Rule 12(b) motion. As such, the Amended Class Action Complaint (doc. 24) is now the operative pleading in this matter, and the original Class Action Complaint (doc. 1) has been superseded and is no longer of any force or effect.[1]

---

[1] *See generally Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citations and internal marks omitted); *Thomas v. Home Depot USA, Inc.*, 661 Fed.Appx. 575, 577 (11th Cir. Sept. 8, 2016) ("Generally speaking, an amended complaint supersedes the original complaint: averments against one's adversaries dropped from the original complaint no longer count.").

The obvious question, of course, is what this development means for defendant's pending Motion to Dismiss. Plaintiff has filed a Suggestion of Mootness and, after careful consideration, the Court agrees. In the wake of the amendment to the pleadings, it is not entirely clear whether defendant wishes to continue to assert all of the arguments found in its original Motion to Dismiss, whether it wishes to revise or supplement those arguments, and so on. Rather than speculating as to movant's intentions or attempting to synchronize the pending Motion to Dismiss with a complaint that may have changed in material respects in the interim, a far more efficient approach is to deem defendant's Motion moot and set new deadlines for responsive pleadings or Rule 12(b) motions relating to the Amended Complaint. Accordingly, the Motion to Dismiss (doc. 25) is **moot** because it relates to a pleading that is now devoid of any legal force or effect. Defendant's answer or Rule 12(b) motion in response to the Amended Complaint is due on or before **April 25, 2017**. Should defendant wish to renew its Motion to Dismiss, it must reproduce in full any arguments that it intends to reassert from its prior Rule 12(b) Motion, so that the briefing on the renewed motion is self-contained, without merely adopting by reference the contents of previous briefs relating to now-moot motions.

DONE and ORDERED this 11th day of April, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE