# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| FAMILY MEDICINE PHARMACY LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 1:17-CV-00053<br>)<br>) |
| IMPAX LABORATORIES, INC., a California corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

## DEFENDANT IMPAX LABORATORIES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendant Impax Laboratories, Inc. ("Impax") submits its Answer to Plaintiff's Amended Complaint ("Complaint"):

## ANSWER

Impax denies all allegations contained in the headings or unnumbered paragraphs in the Complaint, including any allegations contained in the "COMES NOW" paragraph on page 1 of the Complaint. In response to the numbered allegations in the Complaint, Impax states:

1. Impax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies them.

2. Impax admits the allegations in Paragraph 2.

3. Impax denies the allegations in Paragraph 3 to the extent that Plaintiff alleges Impax conducted any unsolicited advertising via fax in Alabama. Impax admits the remaining allegations in Paragraph 3.

4. Plaintiff's Complaint omits Paragraph 4.

5. Impax denies the allegations in Paragraph 5.

6. Impax denies the allegations in Paragraph 6.

7. Impax denies the allegations in Paragraph 7.

8. The allegations of this paragraph of the Complaint state conclusions of law to which no response is required. To the extent that any response is required, Impax denies the allegations in Paragraph 8 insofar as the characterization of the TCPA in Paragraph 8 differs from or is inconsistent with 47 U.S.C. § 227.

9. The allegations of this paragraph of the Complaint state conclusions of law to which no response is required. To the extent that any response is required, Impax denies the allegations in Paragraph 9 insofar as the characterization of the TCPA in Paragraph 9 differs from or is inconsistent with 47 U.S.C. § 227.

10. The allegations of this paragraph of the Complaint state conclusions of law to which no response is required. To the extent that any response is required, Impax denies the allegations in Paragraph 10 insofar as the characterization of the TCPA in Paragraph 10 differs from or is inconsistent with 47 U.S.C. § 227.

11. The allegations of this paragraph of the Complaint state conclusions of law to which no response is required. To the extent that any response is required, Impax denies the allegations in Paragraph 11 insofar as the characterization of the TCPA in

Paragraph 11 differs from or is inconsistent with 47 U.S.C. § 227 or decisions interpreting 47 U.S.C. § 227.

12. The allegations of this paragraph of the Complaint state conclusions of law to which no response is required. To the extent that any response is required, Impax denies the allegations in Paragraph 12 insofar as the characterization of the TCPA in Paragraph 12 differs from or is inconsistent with 47 U.S.C. § 227.

13. Impax admits that the Epinephrine Auto-Injector is one of its products. Impax denies the remaining allegations in Paragraph 13 of the Complaint.

14. Impax denies the allegations in Paragraph 14.

15. Impax denies the allegations in Paragraph 15.

16. Impax denies the allegations in Paragraph 16.

17. Impax denies the allegations in Paragraph 17.

18. The allegations of the first sentence of Paragraph 18 of the Complaint state conclusions of law to which no response is required. Impax states that it complies with FDA regulations, but denies that Exhibit A is an advertisement under the TCPA. Impax denies the remaining allegations in Paragraph 18.

19. Impax admits that Exhibit B is the declaration of Darin W. White. Impax denies the remaining allegations in Paragraph 19.

20. Impax denies the allegations in Paragraph 20.

21. Impax restates and incorporates by reference its answers to the prior allegations of the Complaint in response to Paragraph 21.

22. Impax admits that Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b). Impax denies that Plaintiff or the putative class members it purports to represent are entitled to relief and denies that class treatment of Plaintiff's claims is appropriate. Impax denies the remaining allegations in Paragraph 22 of the Complaint.

23. Impax denies the allegations in Paragraph 23.

24. Impax denies the allegations in Paragraph 24.

25. Impax denies the allegations in Paragraph 25.

26. Impax denies the allegations in Paragraph 26.

27. Impax denies the allegations in Paragraph 27.

28. Impax lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff "will fairly and adequately protect the interests of the Class", "has retained counsel who are competent and experienced in class litigation", and "has no interests that are adverse or antagonistic to the Class", and, therefore, denies the allegations. Impax denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Impax denies the allegations in Paragraph 29.

30. Impax denies the allegations in Paragraph 30.

31. Impax lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action", and, therefore, denies the allegation in Paragraph 31.

32. Impax denies the allegations in Paragraph 32.

## COUNT I

33. Impax restates and incorporates by reference its answers to the prior allegations of the Complaint in response to Paragraph 33.

34. Impax denies the allegations in Paragraph 34.

35. Impax denies the allegations in Paragraph 35.

36. Impax denies the allegations in Paragraph 36.

37. Impax denies the allegations in Paragraph 37.

38. Impax denies the allegations in Paragraph 38.

39. Impax denies the allegations in Paragraph 39.

40. Impax denies the allegations in Paragraph 40.

## COUNT II

41. Impax restates and incorporates by reference its answers to the prior allegations of the Complaint in response to Paragraph 41.

42. Impax denies the allegations in Paragraph 42.

43. Impax denies the allegations in Paragraph 43.

## COUNT III

44. Impax restates and incorporates by reference its answers to the prior allegations of the Complaint in response to Paragraph 44.

45. Impax denies the allegations in Paragraph 45.

Impax denies that Plaintiff is entitled to any relief requested in the unnumbered "WHEREFORE" paragraph, including subparts (A)-(F), immediately following

Paragraph 45. Impax denies any remaining allegations in this section or in Plaintiff's prayer for relief.

Impax denies all of the allegations in the Complaint not expressly herein admitted, denied, or neither admitted nor denied for lack of information or knowledge sufficient to form a belief as to the truth or falsity of the allegations.

## JURY DEMAND

Impax hereby demands trial by jury on any and all Counts and defenses so triable.

## DEFENSES

Without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff, Impax pleads the following defenses to both the individual and class claims alleged in the Complaint.

## FIRST DEFENSE

Plaintiff's Complaint, and the causes of action contained therein, fails to state a claim upon which relief can be granted against Impax, and further fails to state facts sufficient to entitle Plaintiff or any member of the alleged class to the relief sought or any other relief.

## SECOND DEFENSE

Plaintiff lacks Article III standing to proceed in this matter.

## THIRD DEFENSE

Plaintiff's claims and/or the claims of the putative class members fail as a matter of law because Plaintiff and/or the putative class members provided Impax and/or others acting on its behalf with prior express permission to send them communications similar

to Exhibit A of the Complaint.

## FOURTH DEFENSE

Plaintiff's claim and/or the claims of the putative class members fail as a matter of law because Plaintiff and/or the putative class members had an established business relationship with Impax and/or others acting on its behalf before receiving any faxed communications from Impax.

## FIFTH DEFENSE

Plaintiff was aware of its rights under the TCPA. Plaintiff waived its right to bring a private action and to recover damages under the TCPA by providing Impax and/or others acting on its behalf with its facsimile number, and giving Impax and/or others acting on its behalf permission to send communications similar to Exhibit A to Plaintiff via facsimile.

## SIXTH DEFENSE

Plaintiff voluntarily provided its fax number to Impax and/or others acting on its behalf and indicated that Impax and/or others acting on its behalf had permission to send advertisements to Plaintiff via facsimile. Plaintiff never revoked its consent and/or opted out of receiving facsimiles from Impax. Plaintiff, accordingly, should be estopped from claiming that Impax sent facsimiles to Plaintiff in violation of the TCPA.

## SEVENTH DEFENSE

Impax acted in good faith and had reasonable grounds for believing that it acted properly with respect to its communications to Plaintiff. Any claims for penalties or multiplication of damages, therefore, are foreclosed by virtue of Impax's good-faith

conduct and efforts to comply with applicable law.

## EIGHTH DEFENSE

Claims in Plaintiff's Complaint on behalf of allegedly injured individuals are barred to the extent Plaintiff seeks damages or other relief for actions outside the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that recovery from Impax would result in the unjust enrichment of Plaintiff.

## TENTH DEFENSE

While Impax denies that its employees or agents acted in any manner that would constitute a violation of any laws, if any such violation occurred, it occurred outside the scope of employment or agency and without the consent of Impax. Impax did not authorize, condone, ratify, or tolerate any illegal acts, but instead prohibited such acts, and such conduct may not be attributed to Impax through principles of agency, respondeat superior, or otherwise.

## ELEVENTH DEFENSE

To the extent Plaintiff sustained damages in this matter, which Impax specifically denies, then said damages were caused by the conduct of other entities or parties over whom Impax had no control or right of control.

## TWELFTH DEFENSE

The statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United

States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff.

**THIRTEENTH DEFENSE**

The FCC has the primary jurisdiction over the TCPA issues in this case, including determining what is an "unsolicited advertisement" under the TCPA.

**FOURTEENTH DEFENSE**

Plaintiff and/or the putative class members are not entitled to injunctive relief. Plaintiff and/or the putative class members have an adequate remedy at law and will not be harmed or prejudiced in the absence of an injunction. Plaintiff and/or the putative class members cannot show a likelihood that they will suffer any future injury from Impax. There is no likelihood Impax will violate Plaintiff's rights and/or the rights of the putative class members in the future.

**FIFTEENTH DEFENSE**

Impax opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Impax's objections, Impax asserts the defenses set forth herein against each and every member of the certified class.

WHEREFORE, Impax denies that Plaintiff is entitled to any relief and requests that:

A. Plaintiff's Complaint be dismissed in its entirety with prejudice;

B. Judgment be entered in Impax's favor on all counts in the Complaint;

C. Plaintiff's request for class certification be denied;

D. Plaintiff's request for injunctive relief be denied;

E. Impax be awarded its costs, attorneys' fees; and

F. Impax be awarded any other relief as this Court deems appropriate.

Respectfully submitted this 9th day of May,

        */s/ S. Stewart Haskins II*
        S. Stewart Haskins II (admitted *pro hac vice*)
        Zachary A. McEntyre (admitted *pro hac vice*)
        Anush Emelianova (admitted *pro hac vice*)
        Attorneys for Defendants
        **KING & SPALDING LLP**
        1180 Peachtree Street, NE
        Atlanta, GA 30309
        Tel: (404) 572–4600
        Fax: (404) 572–5100
        shaskins@kslaw.com
        zmcentyre@kslaw.com
        aemelianova@kslaw.com

        M. WARREN BUTLER (BUT021)
        Attorney for Defendants
        **Starnes Davis Florie LLP**
        RSA Battle House Tower, 20th Floor
        P. O. Box 1548
        Mobile, AL 36633–1548
        Phone: (251) 433–6049
        Fax: (251) 433–5901
        mwb@starneslaw.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 9th day of May, 2017, I have served a copy of the foregoing pleading on counsel for all parties to this proceeding by CM/ECF and/or by mailing the same via United States Mail, properly addressed and first-class postage pre-paid, as follows:

Diandra S. Debrosse-Zimmerman
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, Alabama 35203
fuli@zarzaur.com

James H. McFerrin
McFerrin Law Firm, LLC
265 Riverchase Parkway East
Suite 202
Birmingham, Alabama 35244
jhmcferrin@bellsouth.net

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II