# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FAMILY MEDICINE PHARMACY, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0053-WS-MU |
| | ) |
| **IMPAX LABORATORIES, INC.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Enjoin Copycat Class Action (doc. 31). The Court has also reviewed and considered defendant's Response (doc. 33).

Plaintiff, Family Medicine Pharmacy, LLC, brought this putative class action against defendant, Impax Laboratories, Inc., alleging violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, as amended by the Junk Fax Prevention Act of 2005 (the "TCPA"). In particular, Family Medicine maintains that it received an unsolicited "junk fax" advertising an Impax pharmaceutical product, in violation of the TCPA's prohibition on transmission of unsolicited advertisements by facsimile, computer, or other device. *See* 47 U.S.C. § 227(b)(1)(C). Family Medicine filed its Class Action Complaint (doc. 1) on January 30, 2017, seeking certification of a class defined as "[a]ny and all individuals and entities, who or which, from 2013 to the present, received one or more unsolicited advertisements via facsimile from Defendant." (Doc. 1, ¶ 19.)

In its Motion, plaintiff alleges that on February 14, 2017, more than two weeks after Family Medicine filed this Complaint, another entity called Medicine To Go Pharmacies, Inc., filed a "copycat class action complaint" against Impax in the United States District Court for the District of New Jersey, alleging the same TCPA violations arising from the same or substantially similar fax advertisements (the "*Medicine To Go* Action"). Citing the "first-to-file rule," Family Medicine urges this Court to enjoin the *Medicine To Go* Action and says that the undersigned has

authority to enjoin the New Jersey federal proceedings pursuant to the All Writs Act, 28 U.S.C. § 1651.

Conspicuously absent from the Motion to Enjoin is any indication that Family Medicine has asked the U.S. District Court for the District of New Jersey to enjoin the *Medicine To Go* Action in accordance with the first-to-file rule, much less that the New Jersey court has been unsympathetic or has otherwise expressed unwillingness to grant such relief. In essence, then, Family Medicine is petitioning this Court to enjoin and interfere with the operations of a sister federal district court without any indication that the sister court is doing anything to frustrate this Court's orders or the exercise of its jurisdiction in this matter. This Court is empowered to enter such an injunction in appropriate circumstances.[1] However, under basic principles of comity, federal district courts have long been wary of issuing rulings that interfere with proceedings before other courts of coordinate jurisdiction. *See, e.g., CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 (5th Cir. 2006) ("We do not retreat from the notion that one district judge, whether as a matter of respect and institutional orderliness, if not jurisdiction, should shy from involvement in a case proceeding before another Article III judge."); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728-29 (5th Cir. 1985) ("The federal courts long have recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs."); *Bergh v. Washington*, 535 F.2d 505, 507 (9th Cir. 1976) ("When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases.").

At any rate, the Court understands that Impax has petitioned the New Jersey court in the *Medicine To Go* Action to dismiss, stay or transfer that case to this District Court. Given these circumstances, the most prudent course of action is to allow the New Jersey court to decide that

---

[1] *See, e.g., AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 722-23 (2nd Cir. 2010) ("It is well-established … that when a case is brought in one federal district court and the complaint embraces essentially the same transactions as those in a case pending in another federal district court, the latter court may enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case.") (citations and internal marks omitted).

motion without judicial interference by a coordinate court, rather than charging into the fray before that court has an opportunity to adjudicate Impax's request. For that reason, and under principles of comity and institutional orderliness, Family Medicine's Motion to Enjoin Copycat Class Action (doc. 31) is **denied without prejudice** to its ability to renew such a request, if appropriate, after the New Jersey court rules on Impax's motion to dismiss, stay or transfer the *Medicine to Go* Action.

DONE and ORDERED this 23rd day of May, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE