# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

FAMILY MEDICINE                    )
PHARMACY LLC,                      )
                                   )
      Plaintiff,             )
                                   )          Civil Action No.: 1:17-CV-00053
v.                                 )
                                   )
IMPAX LABORATORIES, INC.,          )
a California corporation,          )
                                   )
      Defendant.             )

<u>SETTLEMENT AGREEMENT AND RELEASE</u>

**TABLE OF CONTENTS**

Page

I.      PREAMBLE .................................................................................................................1

II.     DEFINITIONS ............................................................................................................2

III.    VIEW OF BENEFITS OF SETTLEMENT ...............................................................8

IV.     DEFENDANT'S DENIAL OF WRONGDOING OR LIABILITY ...........................8

V.      PAYMENTS TO THE SETTLEMENT CLASS .......................................................9

VI.     INCENTIVE AWARD .............................................................................................15

VII.    ATTORNEYS' FEES ...............................................................................................16

VIII.   IMPLEMENTATION OF THE SETTLEMENT .....................................................18

IX.     PAYMENT METHOD AND INSTRUCTIONS ......................................................27

X.      SETTLEMENT ADMINISTRATION. .....................................................................29

XI.     RELEASE AND DISMISSAL OF CLAIMS ...........................................................29

XII.    ENFORCEMENT AND TERMINATION ...............................................................30

XIII.   MISCELLANEOUS PROVISIONS .........................................................................32

This Settlement Agreement and Release ("Agreement") is entered into as of this ___ day of _____, 2017 by and among named plaintiff Family Medicine Pharmacy LLC, individually and as representative of the hereinafter-defined Class, and Impax Laboratories, Inc. ("Impax" or "Defendant"), by and through its attorneys.  Capitalized terms used in this Agreement (other than "Agreement" which is defined above) shall have the meanings ascribed to them below, wherever they shall appear.

## I.    PREAMBLE

WHEREAS, on January 30, 2017, Named Plaintiff's Counsel filed this Action in the U.S. District Court for the Southern District of Alabama;

WHEREAS, on April 10, 2017, Named Plaintiff's Counsel filed an Amended Class Action Complaint, which is the operative complaint in the Action;

WHEREAS, the Action is a putative class action that alleges Defendant violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227(b), by sending unsolicited fax advertisements in the absence of consent and/or an established business relationship with the recipients;

WHEREAS, Defendant denies any wrongdoing and any liability based on the allegations contained in the initial Complaint and/or Amended Complaint filed in the Action;

WHEREAS, on July 18, 2017, the Parties attended a mediation with a neutral third-party mediator, at which they negotiated and agreed upon the principal terms to resolve the Action, which principal terms are set forth and included in this Agreement;

WHEREAS, the Settlement reduced to writing in this Agreement was negotiated extensively among the Parties in good faith and at arm's length; and

NOW THEREFORE, it is agreed, by and among the undersigned, that this Action shall be settled and dismissed on the merits, without costs to the Named Plaintiff or Defendant (except

as expressly hereinafter provided), on the terms and conditions outlined herein, subject to the approval of this Court.

## II. DEFINITIONS

As used herein, the following terms shall have the respective meanings specified, which shall be equally applicable to both the singular and plural forms:

2.1    "Action" means the litigation captioned *Family Medicine Pharmacy, LLC v. Impax Laboratories, Inc.*, No. 1:17-cv-00053 (S.D. Ala Jan. 30, 2017).

2.2    "Administration Costs" shall mean (i) all costs and expenses associated with the production and dissemination of the Class Notice, (ii) all costs and expenses of the Settlement Administrator, and (iii) any other administrative cost or expense associated with the Settlement of this Action.

2.3    "Amended Complaint" means the Amended Class Action Complaint filed by Named Plaintiff's Counsel on April 10, 2017, which is the operative complaint in the Action.

2.4    "Attorneys' Fees" means reasonable attorneys' fees, costs and expenses to be paid to Named Plaintiff's Counsel for all of their past, present, and future work, efforts, and expenditures in connection with this Action.

2.5    "Business Day" means any day that is not a Saturday, Sunday or the day set aside for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day, and any other day legally declared a federal holiday.

2.6    "Claimant" means a Settlement Class Member who submits a valid and timely Claim Form.

2.7    "Claim" means any and all claims, demands, debts, rights, causes of action, suits, actions, damages, costs, expenses, compensation, requests for compensation, restitution,

repayment or reimbursement, obligations, liabilities, penalties, attorneys' fees, or losses in law or equity, of whatever kind or nature, whether or not known, ripe or mature.

2.8     "Claim Form" shall mean the form, as approved by this Court, that Settlement Class Members are required to complete in order to receive a distribution from the Distributable Settlement Fund, and identical in all material respects to that attached hereto as **Exhibit A**.  The Claim Form will include a written and signed certification that the claimant received at least one Compensable Fax Transmission, as defined below.

2.9     "Class" shall have the meaning ascribed to it in Paragraph 8.3 hereof.

2.10    "Class Member" means any Person that is a member of the Class.  For the avoidance of doubt, Named Plaintiff is a Class Member.

2.11    "Class Notice" means the notice, as approved by this Court, to be provided to Class Members pursuant to Paragraph 8.8, identical in all material respects to the form attached hereto as **Exhibit B**.

2.12    "Class Period" means the period beginning on December 1, 2013, through and including the date of entry of the Preliminary Approval Order.

2.13    "Compensable Fax Transmission" means a successful transmission of a fax from Defendant or on Defendant's behalf regarding Defendant's products and/or services, which is claimed to have been unsolicited.

2.14    "Court" means the United States District Court for the Southern District of Alabama, and any appellate court reviewing the orders, judgments or rulings thereof.

2.15    "Day" or "day" means calendar day unless identified as "Business Day."

2.16    "Defendant" means Impax Laboratories, Inc.

2.17    "Defendant's Counsel" means King & Spalding LLP, together with any successor, replacement or additional counsel.

2.18    "Distributable Settlement Fund" shall have the meaning ascribed to it in paragraph 5.2 hereof.

2.19    "Effective Date" means the first day after the last possible date on which the time for filing an appeal from a Final Judgment and Order of this Court approving the Settlement expires without any appeal being filed.  In the event that one or more appeal(s) from a Final Judgment and Order of this Court approving the Settlement is timely brought, the Effective Date will be the date on which such appeal(s) are finally resolved in favor of upholding the Settlement without any modification to the Settlement, except for any adjustment in Attorneys' Fees or Incentive Award that may be ordered by this Court or an appellate court, and without any possibility of remand to this Court or any further appeal to, or any discretionary review by, any court superior to this Court.

2.20    "Escrow Account" shall mean an account at an established financial institution agreed upon by the Parties that is established for the deposit of any amounts relating to the Settlement as funded by or on behalf of Defendant pursuant to the terms of this Agreement.  At all times, the Escrow Account shall be held *in custodia legis*, subject to the approval of this Court.  The parties will identify the Escrow Account in the Preliminary Approval Order.

2.21    "Fairness Hearing" shall mean the hearing to be held before this Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive Final Approval by this Court.

2.22    "Final Approval" means entry of the Final Judgment and Order.

4

2.23   "Final Judgment and Order" means a final order entered by this Court after the Fairness Hearing, similar in all material respects to the Preliminary Approval Order, granting Court approval of the Settlement, or in a form that otherwise may be agreed to hereafter by the Parties and approved and entered by this Court.

2.24   "Incentive Award" shall have the meaning ascribed to it in paragraph 6.1 hereof.

2.25   "Named Plaintiff" means Family Medicine Pharmacy LLC.

2.26   "Named Plaintiff's Counsel" means the law firms McFerrin Law Firm LLC and Zarzaur Mujumdar & Debrosse, together with any successor, replacement or additional counsel.

2.27   "Notice List" means a list of Persons who were potential recipients of allegedly unsolicited fax advertisements transmitted by Defendant or on Defendant's behalf during the Class Period as indicated by Defendant's and/or its agent's fax records.  The Notice List shall include, where available, the number and date of such fax transmissions believed to have been successfully received by each Person on the Notice List as indicated by Defendant's and/or its agent's fax records.

2.28   "Opt-Out List" means the complete, final, and accurate list of the names, addresses, and facsimile numbers of all Persons who properly submitted exclusion requests, which list shall be provided to this Court, Defendant's Counsel and Named Plaintiff's Counsel as required under this Agreement.

2.29   "Parties" means Named Plaintiff and Defendant, collectively.

2.30   "Person" means any natural person, any legal entity, including a limited or general partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture, sole proprietorship, an unincorporated organization, any other form of legal entity, and/or any governmental body (including any department, agency,

commission, authority, administration, or political subdivision thereof), whether federal, state, local or other.

2.31    "Pre-Effective Date Administration Costs" means the Administration Costs to provide the Class Notice and to track any submitted Claim Forms that are received prior to fourteen (14) days after the Effective Date.

2.32    "Preliminary Approval Order" means an order entered by this Court preliminarily approving the Settlement pursuant to Paragraphs 8.3 and 8.4, identical in all material respects to the form attached hereto as **Exhibit C**.

2.33    "Pro Rata Distribution" means a pro rata share of the Distributable Settlement Fund calculated by multiplying (i) the Distributable Settlement Fund times (ii) a fraction equal to (x) the number of Compensable Fax Transmissions identified by virtue of a Settlement Class Member's timely-submitted and valid Claim Form divided by (y) the total number of Compensable Fax Transmissions identified by virtue of all Settlement Class Members' timely-submitted and valid Claim Forms; provided, however, that the Pro Rata Distribution may not exceed $500.00 per Compensable Fax Transmission.

2.34    "Released Claims" means any and all Claims released pursuant to Section XI hereof and/or the Final Judgment and Order.

2.35    "Released Parties" means Impax Laboratories, Inc., as well as its direct or indirect subsidiaries, divisions, partners, limited partners, owners, investors, shareholders, holding companies, divisions (past or present), parents, affiliates (regardless of the form of the legal entity, e.g., corporation, limited liability company, general or limited partnership), including their predecessors and successors, as well as their present and former officers, directors, employees, principals, agents, attorneys, heirs and assigns, and/or any other Person having a direct or

6

indirect interest with respect to any Released Party, or who or which may otherwise be responsible with respect to any Released Party, as of any given date.

2.36    "Releases" means collectively the provisions of this Agreement and of the Final Judgment and Order which provide for release of the Released Claims.

2.37    "Settlement" means the overall terms and conditions of the Parties' agreed upon settlement resolving the Action, as reflected and embodied in this Agreement.

2.38    "Settlement Administrator" means an entity to be mutually agreed upon by the Parties. The Settlement Administrator shall also act as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Escrow Account pursuant to this Agreement.

2.39    "Settlement Amount" means the total, maximum sum of Four Million Eight Hundred Fifteen Thousand Seven Hundred Dollars and No Cents ($4,815,700), whether paid in one lump sum or otherwise – in addition to the administration costs specified in 5.1(a).

2.40    "Settlement Class" means all Class Members who do not opt out of this Settlement in a timely and valid manner in accordance with the procedures set forth in Paragraph 8.11.

2.41    "Settlement Class Member" means the Named Plaintiff and any Person who is a member of the Settlement Class.

2.42    "Settlement Class Member Distribution" shall have the meaning ascribed to it in Paragraph 5.2(b) hereof.

2.43    "Suit" means any lawsuit, suit, action, proceeding, litigation, legal representation or complaint brought or pending in any federal, state, administrative, judicial, arbitral, or other forum, whether direct, derivative or representational.

2.44   "TCPA" means the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

## III.   VIEW OF BENEFITS OF SETTLEMENT

3.1   Plaintiff believes the Claim asserted in the Action has significant merit. Defendant believes the defenses asserted in the Action have significant merit. However, the Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendant through trial and through appeals. The Parties have also taken into account the uncertain outcome and risks of any litigation. The Parties recognize that a complex case such as this Action is likely to involve difficulties and delays, as well as the risk that Plaintiff will be unable to collect on any eventual judgment should one be entered. Named Plaintiff's Counsel are also mindful of the inherent problems of proof and possible defenses to the Claim asserted in the Action. Based on their evaluation, Named Plaintiff's Counsel have determined that the Class relief and Releases set forth herein are fair, reasonable, and adequate, and that this Settlement confers substantial benefits upon and is in the best interests of the Class.

## IV.   DEFENDANT'S DENIAL OF WRONGDOING OR LIABILITY

4.1   This Agreement constitutes the resolution of disputed claims and is for settlement purposes only. Defendant denies it has violated any law; denies that it has violated the TCPA as to the Named Plaintiff or the Class Members (or anyone else); denies any liability to the Named Plaintiff or the Class Members (or anyone else); and denies all the allegations of wrongdoing recited in the initial Complaint and in the Amended Complaint.

4.2   Notwithstanding anything else herein, neither the fact of, nor any provision contained herein, nor any action taken hereunder, shall constitute or be construed as an admission of any liability or wrongdoing, or recognition of the validity of any allegation of fact or contention of law made by Named Plaintiff in this Action or in any other Suit.

8

4.3     This Agreement, and statements made in mediating or negotiating this Settlement, and any actions taken by Defendant hereunder, shall not be offered or be admissible in evidence or used in any fashion against any of the Released Parties in any Suit for any purpose, except in a Suit pursuant to Paragraph 12.1 seeking an order from this Court finding that Defendant is in material breach of their commitments hereunder.  In the event this settlement receives final approval, nothing herein shall be construed to preclude the Released Parties from offering this Agreement and the Releases in defense of any Claims, including Suits brought by Class Members, at any time.

## V.     PAYMENTS TO THE SETTLEMENT CLASS

In consideration for the full, complete, irrevocable, and final Settlement of this Action and in consideration for dismissal of this Action with prejudice and in consideration for the Releases contained herein and provided for herein, Defendant will provide benefits to the Settlement Class Members as follows:

5.1     <u>The Settlement Amount</u>.

(a)     Defendant agrees to pay or cause to be paid: (i) the Settlement Amount; (ii) the first Seventy-Five Thousand Dollars ($75,000.00) of Administration Costs; and (iii) the cost of the mediator's fee in connection with the July 18, 2017 mediation of this matter. Defendant shall have no obligation or liability to pay or incur any other amount(s).   The Settlement Administrator shall provide the Parties with an estimate of the Pre-Effective Date Administration Costs within seven (7) Days from the date that this Agreement is signed by all Parties.  Defendant shall cause that estimated amount to be deposited by wire transfer into the Escrow Account within fifteen (15) Days after entry of the Preliminary Approval Order.  Should the estimate of the Pre-Effective Date Administration Costs exceed Seventy-Five Thousand Dollars ($75,000.00), the amount deposited by Defendant pursuant to this section (less Seventy

Five Thousand Dollars ($75,000.00)) shall be deemed to have been paid towards the Settlement Amount. Defendant shall cause the remainder of the Settlement Amount to be deposited by wire transfer into the Escrow Account within fourteen (14) Business Days after the Effective Date.

(b)     The Settlement Amount shall be used to pay all aspects of this Settlement, including all Claims, all Pre-Effective Date Administration Costs and any other Administration Costs (other than the first Seventy-Five Thousand Dollars ($75,000) thereof), any Attorneys' Fees approved by this Court, any Incentive Award approved by this Court, and Taxes and Tax-Related Costs (as defined in Paragraph 5.1(g)).

(c)     Subject to Court approval and oversight, the Escrow Account will be controlled by the Settlement Administrator, which shall be solely liable for its acts and omissions. The Settlement Administrator shall not disburse the Settlement Amount or any portion thereof except as provided for in this Agreement, by an order of this Court, or with prior written consent of Defendant's Counsel and Named Plaintiff's Counsel.

(d)     All funds held in the Escrow Account shall be deemed to be in the custody of this Court and shall remain subject to the jurisdiction of this Court until the funds are distributed in accordance with this Settlement Agreement and the Final Judgment and Order or further order of this Court.

(e)     The Settlement Administrator shall, to the extent practicable, invest the Settlement Amount deposited pursuant to paragraph 5.1(a) above in discrete and identifiable instruments backed by the full faith and credit of the United States Government, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Administrator shall maintain records identifying in detail each instrument in which

the Settlement Amount or any portion thereof has been invested.  Neither the Settlement Amount nor any portion thereof shall be commingled with any other monies in any instruments.  Any cash portion of the Settlement Amount not invested in instruments of the type described in the first sentence of this paragraph shall be maintained by the Settlement Administrator, and not commingled with any other monies, at a bank account, which shall promptly be identified to Defendant's Counsel and/or Named Plaintiff's Counsel at either counsel's request by account number and any other identifying information.   The Settlement Administrator and Class Members shall bear all risks related to investment of the Settlement Amount.  All income, gain, or loss earned by the investment of the Settlement Amount shall be credited to the Escrow Account.

(f)     The Escrow Account is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.   The Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation §1468B-2(k)(3), shall be solely responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any Taxes owed with respect to the Escrow Account. Defendant agrees to provide the Settlement Administrator with the statement described in Treasury Regulation §1.468B-3(e). Neither Defendant, Defendant's Counsel, the Named Plaintiff, or Named Plaintiff's Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account.

(g)     All (i) taxes on the income of the Escrow Account ("Taxes") and (ii) expenses and costs incurred in connection with the taxation of the Escrow Account (including, without limitation, expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of the Escrow Account.

11

5.2     Distribution to Settlement Class Members.

(a)     The money remaining from the Settlement Amount, including any accrued interest thereon, after payment of: (i) all Administration Costs (including, but not limited to, Pre-Effective Date Administration Costs) but excluding the first Seventy-Five Thousand Dollars ($75,000.00) thereof; (ii) any approved Attorneys' Fees; (iii) any approved Incentive Award; and (iv) Taxes and Tax-Related Costs, shall be available for distribution to Settlement Class Members (the "Distributable Settlement Fund").

(b)     Each Settlement Class Member who submits a valid and timely Claim Form, in accordance with paragraphs 5.7-5.9 below, shall be entitled to payment from the Distributable Settlement Fund of its Pro Rata Distribution.  The Pro Rata Distribution will be referred to as the "Settlement Class Member Distribution."

(c)     It is possible that a Settlement Class Member may recover more than $599.99.  In the event the recovery to a Settlement Class Member exceeds $599.99, the Settlement Class Member will be required to submit a W-9 form or have their taxes withheld by the Settlement Administrator in order to receive payment.  The W-9 forms will be issued to or made available to Settlement Class Members as required within twenty-one (21) Days after entry of the Final Approval Order and before any settlement checks are issued.  Settlement Class Members will have thirty (30) Days to return a completed W-9 form to the Settlement Administrator.

(d)     The Settlement Administrator will begin disbursing the Settlement Class Member Distributions as soon as reasonably practicable, but within sixty (60) Days after the funding of the Escrow Account as provided for in paragraph 5.1(a).  Thirty (30) Days after the deadline expires to submit a W-9 form, the Settlement Administrator will mail to each

12

Settlement Class Member that has submitted a timely and valid Claim Form a check made payable to such Settlement Class Member in the amount of its Pro Rata Distribution (less any required withholding).

5.3     Deadline for Cashing Checks.  Settlement Class Members shall have 180 Days from the date a settlement check is issued to cash the check.  After 180 Days, the check will be null and void and the amount associated with that check will be returned to the Distributable Settlement Fund.

5.4     Treatment of Undistributed Funds.  Any funds remaining in the Distributable Settlement Fund after all payments have been made to Settlement Class Members pursuant to paragraph 5.2, and after all monies have been returned to the Distributable Settlement Fund pursuant to paragraph 5.3, shall be re-distributed on a pro rata basis to those Settlement Class Members who cashed their initial settlement checks pursuant to paragraphs 5.2 and 5.3; provided, however, that such an additional settlement payment shall be made only if the additional pro rata settlement payment to be made to each such Settlement Class Member is equal to ten dollars ($10.00) or more, and only if such additional pro rata settlement payment does not result in a Pro Rata Distribution greater than $500.00 per Compensable Fax Transmission.  If any such additional settlement payment is made to Settlement Class Members pursuant to this paragraph, those Settlement Class Members shall have 180 Days from the date the additional settlement check is issued to cash the check.  After 180 Days, the check will be null and void and the amount associated with that check will be returned to the Distributable Settlement Fund.

5.5     Any funds that remain undistributed more than thirty (30) Days following the void date on any additional settlement check sent pursuant to this paragraph shall be contributed

13

to a *cy pres* organization to be agreed upon by the Parties, and approved by this Court. The parties shall propose a *cy pres* organization to this Court if necessary. There will be no reversion of the Settlement Fund to Defendant.

      5.6    <u>Entire Obligation</u>. It is understood and agreed that the Defendant's obligations under this Settlement Agreement to Class members will be fully discharged by payment of the amounts set forth in paragraph 5.1(a) above, and Defendant shall have no other payment obligations to the Class, the Named Plaintiff, Named Plaintiff's Counsel, or to any other Person, or obligations to make any other payments above or in addition thereto under this Agreement or otherwise under any circumstances.

      5.7    <u>Claim Process</u>. Settlement Class Members shall be entitled to a Settlement Class Member Distribution only if they submit a timely and valid Claim Form. The Settlement Administrator shall match the fax number provided by the Settlement Class Member on a returned Claim Form to a fax number on the Notice List, and determine the number of Compensable Fax Transmissions associated with each unique fax number on the Notice List. The Settlement Administrator shall also determine whether the claim is a duplicate, whether the Claim Form is signed, and shall examine the Claim Form for timeliness, completeness, and validity. If the fax number does not match and/or if the alleged number of Compensable Fax Transmissions cannot be verified based on Defendant's transmission records, then Named Plaintiff's Counsel or the Settlement Administrator shall promptly contact the Settlement Class Member and determine if such Settlement Class Member employed other fax numbers during the Class Period (to ascertain if any different fax number is a number on the Notice List) and/or request that the Settlement Class Member provide a copy of the alleged unsolicited fax, in an effort to determine whether the claim is a valid claim.

5.8     If the fax number or fax numbers provided on a Claim Form do not match a fax number on the Notice List, or if the number of alleged Compensable Fax Transmissions cannot be verified based on Defendant's transmission records, the Settlement Administrator shall nevertheless allow the claim so long as the Settlement Class Member timely supplies a copy of the alleged unsolicited fax to the Settlement Administrator, and such copy establishes that the alleged unsolicited fax qualifies for compensation under this Settlement.  Otherwise, the claim shall be disallowed.  If a claim is deemed disallowed by the Settlement Administrator, the Settlement Administrator must communicate that disallowance of the claim to the Settlement Class Member and Named Plaintiff's Counsel and allow Named Plaintiff's Counsel an opportunity to investigate the basis for disallowing the claim.   In the event the Settlement Administrator and Named Plaintiff's Counsel disagree as to the validity of any Claim Form or whether to disallow a claim, then Named Plaintiff's Counsel will present the disputed claim to this Court for resolution.

5.9     Settlement Class Members shall have sixty (60) Days from the date that the Class Notice is first faxed to return the Claim Form.  Settlement Class Members who do not submit a Claim Form timely, or who do not submit a valid Claim Form, or who do not supply a requested fax copy within that time, shall not be entitled to receive a Settlement Class Member Distribution.

## VI.    INCENTIVE AWARD

6.1     Named Plaintiff may seek an incentive award ("Incentive Award") only by making a timely and appropriate written request to this Court and obtaining this Court's approval for such an award as reflected in a signed and dated order by this Court.  Any Incentive Award shall be subject to this Court's review and approval.  If the request to this Court seeking an Incentive Award by or on behalf of Named Plaintiff seeks an award of no more than a total gross

amount of Twenty Thousand Dollars ($20,000.00), Defendant agrees not to object to such request. If the request to this Court seeking an Incentive Award by or on behalf of Named Plaintiff seeks an award greater than the total gross amount of Twenty Thousand Dollars ($20,000.00), Defendant may, in its sole and absolute discretion, object to all or any part of such request as it deems appropriate. The Parties recognize that this Court has ultimate authority to approve or disapprove any Incentive Award. Because this Settlement is for the benefit of the Settlement Class, however, the Parties further agree that any downward adjustment in an Incentive Award that may be ordered by this Court, or the amount of any Incentive Award ultimately awarded to the Named Plaintiff, will not be a basis or reason for terminating the Settlement. Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by this Court of any Incentive Award are to be considered by this Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement.

6.2     Any Incentive Award approved by this Court shall be paid by the Settlement Administrator within thirty (30) Days after the Effective Date. Named Plaintiff, at its individual election, may choose to have the Settlement Administrator direct any Incentive Award to a charity of its choice, in which case such amount shall be treated as a charitable contribution by the Qualified Settlement Fund on behalf of Named Plaintiff. The Incentive Award approved by this Court shall be paid by the Settlement Administrator solely out of the Settlement Amount and shall be deducted from the Settlement Amount on or after the Effective Date and prior to the distribution to the Class Members.

## VII.   ATTORNEYS' FEES

7.1     Named Plaintiff's Counsel may seek an award of Attorneys' Fees, which shall be paid solely from the Settlement Amount, only by making an appropriate application to this Court

16

as required by the Preliminary Approval Order and obtaining this Court's approval for such an award as reflected in a signed and dated order entered by this Court.  If the request to this Court by Named Plaintiff's Counsel seeks fees of no more than one-third (1/3) of the Settlement Amount less Administration Costs exceeding the first $75,000.00 paid by Defendant, Defendant agrees not to object to such request.  If the request to this Court seeking Attorneys' Fees is greater than one-third (1/3) of the Settlement Amount less Administration Costs, Defendant may, in its sole and absolute discretion, object to all or any part of such request as it deems appropriate.  In addition to Attorneys' Fees, Defendant agrees not to object to a request by Counsel for Plaintiffs for reimbursement from the Common Fund of up to a maximum of One Thousand and Four Hundred and Fifty Dollars ($1,450) for costs and expenses actually incurred by Counsel for Plaintiffs ("Costs"), subject to Court approval.  Any award of Attorneys' Fees or Costs, in any and all amounts, shall be subject to this Court's review and approval.  The Parties recognize that this Court has ultimate authority to approve or disapprove any award of Attorneys' Fees or Costs.  Because this Settlement is for the benefit of the Settlement Class, the Parties agree that the amount of Attorneys' Fees or Costs ultimately awarded to Named Plaintiffs' Counsel will not be a basis or reason for terminating the Settlement.

      7.2    Settlement Class Members and Named Plaintiff and Named Plaintiff's Counsel agree that any award of Attorneys' Fees or Costs approved by this Court, in any and all amounts, shall be paid solely from the Settlement Amount, and Defendant shall not have any additional or other monetary obligations other than payment of the Settlement Amount as a result of any award of Attorneys' Fees or Costs.

      7.3    Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by this Court of Attorneys'

Fees are to be considered by this Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement.  Also notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by this Court of any contributions from the Distributable Settlement Fund to any *cy pres* organizations are to be considered by this Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement.

7.4    Named Plaintiff's Counsel shall file a Petition for Attorney's Fees pursuant to Paragraph 7.1 herein within sixty (60) Days after the Class Notice has been sent to the Class Members.

7.5    The Settlement Administrator shall pay the Attorneys' Fees and Costs approved by this Court within thirty (30) Days after the Effective Date.

## VIII.  IMPLEMENTATION OF THE SETTLEMENT

Upon execution hereof by all Parties, the Parties will respectively undertake the following actions to implement and obtain approval of the Settlement:

8.1    <u>Use of Reasonable Efforts</u>.    Named Plaintiff, Named Plaintiff's Counsel, Defendant, and Defendant's Counsel will use reasonable efforts to obtain entry of the Preliminary Approval Order, Final Approval of this Settlement, and the entry of a Final Judgment and Order that dismisses this Action and binds the Named Plaintiff and all Settlement Class Members and provides a full and complete Release to Defendant.  Named Plaintiff's Counsel shall be responsible for drafting and filing motion papers seeking all of the above relief, provided however that Named Plaintiff's Counsel shall provide drafts thereof to Defendant's Counsel for their review and approval at least seven (7) Business Days before filing, and that no such papers shall be filed without such express prior approval.  All Parties agree to cooperate fully and completely with all other Parties with respect to any and all appeals, including of the

18

Final Judgment and Order, and in obtaining the dismissal of any and all subsequent Suits against the Released Parties asserting Released Claims.  Defendant's Counsel and Named Plaintiff's Counsel agree to cooperate to draft and execute any additional documents to effectuate the terms of this Settlement (other than the request for Attorneys' Fees, which shall be the sole responsibility of Named Plaintiff's Counsel) and to adjust the case schedule and deadlines in the Action pursuant to the terms hereof as may be reasonably requested by the other Party. Nothing herein shall preclude legal counsel from exercising independent legal judgment.

8.2    <u>Jurisdiction for Approval of Settlement</u>.   The filing and approval of this Settlement shall occur in the United States District Court for the Southern District of Alabama.

8.3    <u>Preliminary Approval</u>.  Pursuant to Court Order, Named Plaintiff's Counsel shall move this Court, by September 5, 2017, pursuant to Federal Rules of Civil Procedure 23(e) and 23(g), for (i) preliminary approval of the Settlement, including entry of an order identical in all material respects to the form of the Preliminary Approval Order attached hereto as **Exhibit C**, (ii) preliminary appointment of a class representative and class counsel, and (iii) for purposes of this Settlement only, preliminary and conditional certification of the following settlement class:

> All individuals and/or entities whom or which received one or more unsolicited advertisements via facsimile from Defendant between December 1, 2013 and the date of entry of the Preliminary Approval Order.

8.4    Counsel for the Parties will take all appropriate steps to obtain the entry of a Preliminary Approval Order that (i) appoints Named Plaintiff's Counsel as counsel representing the Class and all Class Members; (ii) conditionally certifies the Class as defined above for purposes of this Settlement only; (iii) preliminarily approves this Agreement and determines the Settlement to be sufficiently fair, reasonable, and adequate as to allow notice to be disseminated to the Class; (iv) approves the Class Notice and the plan for delivery of the Class Notice to Class

Members; (v) schedules a Fairness Hearing to determine, after such notice to the Class, whether this Settlement should be finally approved as fair, reasonable, and adequate; and (vi) provides that, pending the Final Judgment and Order, neither Plaintiff nor any Class Member shall either directly, indirectly, representatively, or in any other capacity, commence or prosecute any Suit in any court or tribunal asserting any Released Claims against any Released Parties unless such person has opted out of this Action according to the terms of the Settlement.  The Preliminary Approval Order will remain in effect until (i) the Effective Date occurs, (ii) this Court enters an order declaring this Settlement terminated and no longer binding, or (iii) Defendant terminates the Settlement under Paragraph 12.2.

8.5     <u>Basis for Certification of Settlement Class</u>.   Named Plaintiff's motion for preliminary approval and memorandum in support of final approval will seek certification of the Settlement Class for settlement purposes only under Rule 23(b)(3).

8.6     Any certification of the Settlement Class hereunder, or otherwise, shall be for settlement purposes only and shall not constitute and shall not be construed (in this Action or in any other Suit) as an admission on the part of Defendant, or as the basis of a finding, or as evidence, that this Action or any other proposed or certified class action is appropriate for class treatment in a contested certification proceeding.  This Agreement is without prejudice to the rights of Defendant to oppose (i) any requests for class certification in this Action should this Agreement be terminated or fail to be approved or implemented for any reason, or (ii) any requests for class certification in any Suit involving a proposed or certified class action.

8.7     If this Agreement or the Settlement reflected in it or the Class as defined above is not approved, does not become effective, or is terminated or fails to be implemented for any

reason, any certification, either preliminary or final, of the Class or of any other alleged class shall be deemed null and void *ab initio* and without force or effect.

8.8    <u>Methods of Notifying Potential Class Members</u>. Within seven (7) Business Days of entry of the Preliminary Approval Order, Defendant's Counsel shall provide the Settlement Administrator with the Notice List as derived from information contained in Defendant's or its agent's records. No later than thirty-five (35) Days after entry of the Preliminary Approval Order, the Settlement Administrator shall notify potential Class Members of the Settlement as follows:

(a)    The Settlement Administrator shall send by facsimile the Class Notice and Claim Form (**Exhibits A-B**) to the last known fax number of each potential Class Member, as that information is set forth in the Notice List. The Settlement Administrator shall make at least one additional attempt to transmit the notice by facsimile in those instances where the initial transmission failed.

(b)    In those instances in which facsimile transmission fails twice or more, if a Class Member's last known mailing address is reasonably identifiable from Defendant's business records, the Settlement Administrator shall also send by United States first-class mail the Class Notice and Claim Form to the Class Member's last known address. The Settlement Administrator will make reasonable efforts to identify, *e.g.* via internet searches, the mailing address of every Class Member. Prior to sending any Notices by U.S. Mail, the Settlement Administrator shall run the addresses through the National Change of Address database. The postage rate selected for the mailing of the Class Notice shall provide for notification of forwarding addresses.

(c)     If the Notices are returned by the U.S. Postal Service as undeliverable, Named Plaintiff's Counsel or the Settlement Administrator may undertake further reasonable efforts to locate that Person to re-send the Notice to that Settlement Class Member.  If the Notice is returned by the U.S. Postal Service with a forwarding address or other error that can be ascertained and corrected, then the Settlement Administrator shall re-send the Notice by U.S. First Class Mail to that new address within five (5) Days.

(d)     Within twenty-one (21) Days after the date that the Notice was first sent by facsimile, the Settlement Administrator shall send the Class Notice and Claim Form by facsimile to each Class Member identified on the Notice List who did not submit a Claim Form or otherwise respond to the Class Notice by that date ("Supplemental Notice").  The Settlement Administrator shall make at least one additional attempt to transmit the Supplemental Notice where the initial transmission failed.

(e)     The Settlement Administrator will also cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice program discussed in the paragraphs above.

(f)     Named Plaintiff's Counsel will post the Class Notice, Claim Form, Petition for Attorney's Fees, Settlement Agreement (excluding exhibits), and the Preliminary Approval Order on the www.zarzaur.com website.  Named Plaintiff's Counsel or the Settlement Administrator shall provide any Settlement Class Member who contacts either of them and requests a copy of the Class Notice and/or the Claim Form with the documents requested.

(g)     The Settlement Administrator shall create a website which allows for electronic submission of Claim Forms.  Any website created by the Settlement Administrator must also post the Class Notice, Claim Form, Petition for Attorney's Fees, Settlement Agreement

(excluding exhibits), and the Preliminary Approval Order, and any other documents agreed upon by the Parties and approved by this Court.  Any website created by the Settlement Administrator must also contain a searchable list of the facsimile numbers in the Notice List (without other identifying information) which, when searched, will return the number and date of the faxes associated with that facsimile number on the Notice List (and no other information on the Notice List).

(h)     Named Plaintiff's Counsel and/or the Settlement Administrator shall retain all documents and records generated during the administration of the Settlement including records of notice given to the Settlement Class Members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, records of undeliverable mail, Claim Forms, and payments to the Settlement Class Members for a period of one year following the issuance of the Final Judgment and Order, and the expiration of all deadlines for appeal therefrom.

8.9     The Notice List and all other documents and records generated during the administration of the Settlement shall be used solely for purposes consistent with Class Notice and administration of the Settlement and for no other purpose.  Named Plaintiff's Counsel and Defendant's Counsel need not obtain prior approval from any source for communicating with any potential or actual Class Member relating to: (a) any communications initiated by a potential or actual Class Member, or (b) the delivery of the documents required pursuant to Paragraph 8.8.  For the avoidance of doubt, if a potential or actual Class Member initiates a communication with Defendant's Counsel regarding any aspect of this Settlement, Defendant and/or Defendant's Counsel shall be entitled, without the need for prior approval from Named Plaintiff's Counsel, or this Court, to respond to that Person's communication by any means whatsoever, including by e-

mail or any other cost-effective means of communication. Likewise, for the avoidance of doubt, if a potential or actual Class Member initiates a communication with Named Plaintiff's Counsel, Named Plaintiff's Counsel shall be entitled, without the need for prior approval from Defendant's Counsel or this Court, to respond to that Person's communication by any means whatsoever. Notwithstanding anything in this Paragraph to the contrary, Defendant and/or its affiliates shall be free to communicate in any manner with potential or actual Class Members in the normal course of Defendant's businesses.

8.10   At least thirty (30) Days prior to the Fairness Hearing, the Settlement Administrator will provide Defendant's Counsel and Named Plaintiff's Counsel and this Court with a declaration from a competent declarant stating that the Class Notice has occurred. At least seven (7) Days prior to the Fairness Hearing, the Settlement Administrator will provide Defendant's Counsel and Named Plaintiff's Counsel and this Court with a declaration from a competent declarant detailing the number of claims, exclusions, and objections received, and the particulars thereof.

8.11   <u>Exclusions from the Settlement Class</u>. Any Class Member may request exclusion from the Settlement Class. Any Class Member who would like to request exclusion from the Settlement Class must make the request in accordance with the procedures and requirements set forth in the Preliminary Approval Order and the Class Notice. A request for exclusion must be in writing and state the name, address, and fax number (to which the fax was sent) of the Person seeking exclusion. Each request must also contain a signed statement providing that "I hereby request that I be excluded from the proposed Settlement Class in the Action." The request must be mailed to the Settlement Administrator at the address provided in the notice and postmarked or received on the date set by this Court. A request for exclusion that does not include all of the

foregoing information, or that is sent to an address other than the one designated in the notice, or that is not postmarked or received by the Settlement Administrator within the time specified, shall be invalid and the person making such a request shall remain a Settlement Class Member and shall be bound by the terms of the Settlement Agreement, if approved. Within fourteen (14) Days after expiration of the deadline for Class Members to request exclusion from the Settlement Class, the Settlement Administrator shall furnish the Opt-Out List to Defendant's Counsel and Named Plaintiff's Counsel. Exclusions may not be submitted on behalf of a putative class or subclass of similarly situated Class Members. Defendant's Counsel and Named Plaintiff's Counsel shall take no affirmative action to encourage Class Members to exclude themselves from the Settlement Class. Settlement Class Members shall have sixty (60) Days from the date the notice is sent to opt out of the Settlement.

  8.12 <u>Written Objections to the Settlement</u>. Any Settlement Class Member may present written objections explaining why the Settlement should not be approved as fair, reasonable, or adequate, or why Attorneys' Fees should not be awarded to Named Plaintiff's Counsel in the amount or in the manner set forth in the request for those Attorney's Fees. The requirements for filing an objection shall be as set forth in the Preliminary Approval Order. Any Settlement Class Member may object to the Settlement by filing with this Court and mailing a copy of the objection to Named Plaintiff's Counsel and Defendant's Counsel. Any objection must include: (a) the name, address and fax number (to which the fax was sent) of the Person objecting to the Settlement; (b) a statement of the objection to the Settlement; (c) an explanation of the legal and factual basis for the objection; and (d) documentation, if any, to support the objection. Objections may not be submitted on behalf of a putative class or subclass of similarly situated Class Members. Defendant's Counsel and Named Plaintiff's Counsel shall take no affirmative

action to encourage Class Members to object to the Settlement. Settlement Class Members shall have sixty (60) Days from the date the notice is sent to object to the Settlement.

8.13    Compliance with CAFA Notice Requirements.   No later than ten (10) Days after the date on which the Parties file the Preliminary Approval Motion and this Agreement with this Court, the Settlement Administrator shall serve copies of the notice and papers specified in 28 U.S.C. § 1715(b) upon:

(a)    The appropriate State official (as that term is defined in 28 U.S.C. § 1715(a)(2)) of every state in which a Class Member resides; and

(b)    The Attorney General of the United States of America.

Within seven (7) Days prior to this Court-ordered deadline for submission of a final settlement approval motion, pursuant to Section 8.14 below, the Settlement Administrator shall provide to Defendant's Counsel for filing in the Action a certification of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

8.14    Final Judgment and Order.   On the schedule directed by this Court, Named Plaintiff's Counsel will file a memorandum, pursuant to Rules 23(e) and 23(g), in support of (i) final approval of the Settlement, (ii) final appointment of the class representative and class counsel, and (iii) final certification of the Settlement Class. The submission by Plaintiff's Counsel seeking final approval of the Settlement shall include a form of a Final Judgment and Order in the form annexed hereto which shall, among other things, permanently foreclose and bar all Released Claims (including Claims for additional recovery, penalties, interest, attorneys' fees, costs, and expenses) and all other Claims that any Settlement Class Members have alleged or could have alleged in connection with this Action. Named Plaintiff's Counsel shall provide drafts thereof to Defendant's Counsel for review and approval at least seven (7) Business Days

before filing, and no such papers shall be filed without such express prior approval

8.15 <u>Dismissal With Prejudice</u>. The Final Judgment and Order shall provide that the Action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41, but shall also provide that with the consent of the Parties this Court retains jurisdiction until thirty (30) Days after the Effective Date solely for the purpose of enforcing the terms of the Settlement and of the Final Judgment and Order.

## IX.    PAYMENT METHOD AND INSTRUCTIONS

9.1    Before the Effective Date, Named Plaintiff's Counsel will transmit wiring instructions to the Settlement Administrator for the payment of approved Attorneys' Fees from the Escrow Account to Named Plaintiff's Counsel, and to the Settlement Administrator for payment of the approved Incentive Award to Named Plaintiff.

9.2    Within thirty (30) Days after the Effective Date, once Named Plaintiff's Counsel's wiring instructions have been received by the Settlement Administrator, the Settlement Administrator may cause funds on deposit in the Escrow Account to be reduced and paid out in accordance with this Agreement and the Final Judgment and Order.

(a)    Funds may be paid out of the Escrow Account for the benefit of Named Plaintiff's Counsel only upon a written payment instruction from Named Plaintiff's Counsel, addressed to the Settlement Administrator with copies to Defendant, that is in accordance with the Final Judgment and Order, or as otherwise directed by this Court. Defendant shall have an opportunity to respond if it believes the instruction from Named Plaintiff's Counsel is erroneous.

(b)    Any accrued interest or funds remaining in the Escrow Account after a payment instruction from Named Plaintiff's Counsel has been executed shall be included in the Distributable Settlement Fund.

9.3    Named Plaintiff's Counsel shall be solely responsible for ensuring that Named Plaintiff's Counsel receives the appropriate allocation of the funds in the Escrow Account. Defendant will have no obligation, liability, or responsibility whatsoever (i) for any taxes or other charges relating to money paid out of the Escrow Account, or (ii) to ensure that the funds are allocated among Named Plaintiff's Counsel fairly, correctly, or appropriately.  To the extent any attorney or firm serving as Named Plaintiff's Counsel or otherwise contests their or its portion of the total award for Attorneys' Fees provided for hereby or approved by this Court, such attorney or firm must look solely to Named Plaintiff's Counsel, and not to Defendant or the Settlement Amount or the Settlement Administrator, for their remedy.  Under no circumstances will Defendant have any obligation whatsoever arising from this Action to any attorney or firm serving as Named Plaintiff's Counsel or otherwise representing Class Members other than the express obligations set forth herein.

9.4    Should the Agreement be terminated for any reason, the Escrow Account shall be closed and its funds (including any interest remaining in the Escrow Account after deduction of any reasonable costs of the Settlement Administrator) disbursed to Defendant, as directed by Defendant, but only after an order from this Court.

9.5    Not later than thirty (30) Days following the final closing of the Escrow Account, the Settlement Administrator shall file with this Court a statement disclosing the distribution of funds from the Escrow Account.

9.6    Upon disbursement of all funds in the Escrow Account or upon any termination of this Agreement, the Settlement Administrator shall be released and relieved of all liabilities and obligations, if any, arising out of or relating to the administration of the Escrow Account and any such liabilities and obligations shall become the liabilities of Defendant.

## X.   SETTLEMENT ADMINISTRATION.

10.1    The Settlement Administrator shall administer the Settlement consistent with this Agreement subject to the supervision of the Parties' counsel, and with the supervision of this Court as circumstances may require.

10.2    The Parties and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:

(a)    any act, omission or determination of the Settlement Administrator, other Parties or their counsel, or designees or agents of other Parties or their counsel or the Settlement Administrator; or

(b)    any act, omission or determination of another Party's counsel or their designees or agents in connection with the administration of the Settlement.

10.3    The Settlement Administrator shall provide such information as may be reasonably requested by Defendant's Counsel or Named Plaintiff's Counsel to implement and facilitate any distribution of funds under this Agreement.

## XI.   RELEASE AND DISMISSAL OF CLAIMS

11.1    Upon the Effective Date, the Settlement Class Members, on behalf of themselves, their employees, agents, attorneys, representatives, officers, directors, shareholders, members, divisions, predecessors, heirs, successors, assigns, beneficiaries, and additional insureds, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged all Claims, known and unknown, that they may have against the Released Parties, through the date of entry of the Preliminary Approval Order, under the TCPA, any comparable statutes of any state, and any other federal or state statutory or regulatory or common law, and for relief under any equitable theory, or for prospective or

29

retrospective relief, that could have been asserted based on or relating to the conduct alleged in the Amended Complaint.

11.2   In consideration of the benefits described herein, Named Plaintiff agrees, and each Settlement Class Member shall be deemed to have agreed, to the dismissal with prejudice of this Action and of all such Claims.

## XII.   ENFORCEMENT AND TERMINATION

12.1   Upon any alleged material breach by one of the Parties of its obligations hereunder, the Party or Class Member asserting a breach may, after giving all Parties reasonably specific notice of the alleged material breach, and allowing a period of no less than forty-five (45) Days for the breaching Party to correct the alleged breach, seek an order from this Court finding that the breaching Party is in fact in material breach of its commitments hereunder.  In the event this Court makes a finding of material breach, this Court shall direct the breaching Party to come into compliance with this Agreement within forty-five (45) Days or such other period of time that this Court deems appropriate. In seeking such an order from this Court, the Party or Class Member asserting a breach must not oppose any request by the breaching Party to be allowed a fair opportunity to present evidence and argument to this Court.

12.2   Defendant shall have the sole discretion to terminate the Settlement Agreement if a certain percentage of the total number of Settlement Class Members submit valid requests to opt out as separately agreed to by the Parties and submitted to this Court for in camera review. Defendant will have fourteen (14) Days from its receipt of the final Opt-Out List in which to exercise, in its sole and absolute discretion, this right to terminate.  In addition, this Agreement may also be terminated by Defendant, in its sole and absolute discretion, in the event that any of the following occur: (i) a motion seeking preliminary approval or final approval of this Settlement is denied, or is granted but later reversed on appeal, or results in the entry of a

Preliminary Approval Order or a Final Judgment and Order not substantially in the form provided for in this Agreement; (ii) the entry of the Final Judgment and Order is reversed on appeal; (iii) this Court modifies this Agreement or fails to enforce any provision hereof, or enters a Preliminary Approval Order or a Final Judgment and Order not substantially in the form provided for in this Agreement, except as expressly provided for below; or (iv) any federal or state authorities object to or request material modifications to the Agreement or the Preliminary Approval Order or the Final Judgment and Order.  Notwithstanding the foregoing, none of the following shall give Defendant, Named Plaintiff, Class Members, or Named Plaintiff's Counsel any option or ability to terminate or to request termination of this Agreement:  (i) a downward modification of the Final Judgment and Order either by this Court or on appeal regarding the amount of Attorneys' Fees to be awarded to Named Plaintiff's Counsel, or regarding the amount of any Incentive Award awarded to Named Plaintiff, or (ii) any non-substantive modifications to the Class Notice, Claim Form, Preliminary Approval or Final Approval Orders.  Any termination pursuant to this Paragraph shall be accomplished by filing with this Court a notice of termination, which shall be served on Named Plaintiff's Counsel.  Upon the filing of such a termination notice, this Settlement and this Agreement shall be deemed to be terminated and null and void *ab initio*.

12.3    Notwithstanding any termination of this Agreement or this Settlement, Paragraphs 4.2, 4.3, 8.6, 8.7, 12.3, 13.4, 13.7, 13.12, 13.17, 13.19, 13.20, 13.21, 13.22, 13.23, and 13.24 (and the defined terms used herein) shall remain in full force and effect.  In the event this Agreement or this Settlement is terminated before the Effective Date for any reason, all other provisions of this Agreement, and the Settlement itself, shall be deemed null and void *ab initio* and without force or effect.  In such event, this Agreement shall not be offered in evidence or used in this or

31

any other Suit for any purpose, including the existence, suitability for certification, or maintenance of any purported class. In such event, this Agreement and all negotiations, statements, proceedings, and documents prepared in connection herewith (including all legal briefs and exhibits thereto) shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law and shall not be offered by anyone adverse to any of the Defendant for any purpose whatsoever in any Suit. In the event of such termination, all Parties to this Action shall stand in the same position as if this Agreement had not been negotiated, signed, or filed with this Court, except as expressly provided in this Paragraph.

## XIII.  MISCELLANEOUS PROVISIONS

13.1    Entire Agreement.  This Agreement, including all Exhibits attached hereto and incorporated herein by reference, shall supersede any previous negotiations, discussions, agreements or understandings between the Parties with respect to this Action. This Agreement is the entire agreement of the Parties with respect to this Settlement, and may not be changed, modified, or amended except as expressly set forth in Paragraph 13.2.

13.2    Modification By Writing Only.  This Agreement may be amended or modified only by a written instrument, signed by both Named Plaintiff's Counsel and Defendant's Counsel. The Agreement, as modified or amended under this Paragraph, is subject to Court approval before the Effective Date.

13.3    Expenses.  Except as otherwise expressly set forth herein, each Party hereto will pay all costs and expenses incident to its negotiation and preparation hereof and to its performance and compliance with all agreements and conditions contained herein on its part to be performed or complied with, including the fees, expenses and disbursements of its counsel, independent public accountants, and other advisors, whether or not the Final Judgment and Order shall have been entered by this Court. Nothing herein shall require Defendant, Defendant's

Counsel, any Released Party, Named Plaintiff or Named Plaintiff's Counsel to pay out or expend any monies other than as expressly provided herein.

      13.4   <u>Invalidity or Unenforceability of Provisions</u>.  In the event that any one or more of the provisions contained herein shall for any reason be held in whole or in part to be invalid or unenforceable in any respect by any federal, state, administrative, judicial, arbitral, or other forum, bar association, or committee of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof if the Parties hereto agree in writing to proceed as if such invalid or unenforceable provision had never been included herein.  Absent such agreement, this Agreement shall be terminated.  Further, in the event that paragraphs 5.4 or 5.5 are held in whole or in part to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision hereof and shall not serve as a basis to terminate the Settlement.  In the event that this Court finds that contribution of any portion of the Settlement Amount to any agreed upon *cy pres* organization is impermissible, then the Parties shall meet and confer to determine one that may be acceptable to this Court.  If there is a finding that *cy pres* is completely unacceptable, then all monies that would have been contributed to such *cy pres* organizations shall be redistributed pro rata to those Class Members that submitted valid Claim Forms after subtracting for any additional Administration Costs in connection with such redistribution.  There shall be no reversion of Settlement Funds to Defendant.

      13.5   <u>Amount Paid Not a Penalty</u>.  No consideration or amount or sum paid, credited, offered, or expended by the Defendant in the performance hereof constitutes a penalty, fine, punitive damages, enhanced damages, or other form of penalty for any alleged claim or offense, or on account of any claim of a willful violation.

13.6    <u>Agreement Mutually Prepared; Construction</u>. This Agreement shall be deemed to have been mutually prepared by the Parties and their respective counsel and shall not be construed against any one of them by reason of authorship.  Accordingly, no Party hereto shall be considered to be the drafter of any of this Agreement's provisions for the purpose of any statutes, case law, or rule of interpretation or construction that might otherwise cause any provision or paragraph hereof to be construed against its purported drafter.  Otherwise, this Agreement shall be construed in accordance with its four corners and otherwise in accordance with the contract construction rules applicable to contracts made within the State of Alabama. References in this Agreement to: (1) "herein," "hereto," "herewith" and "hereunder" shall refer to this Agreement as a whole; (2) any paragraph or section shall be to a paragraph or section hereof, unless otherwise specified; (3) Exhibits shall refer to Exhibits attached hereto; and (4) "including" shall be deemed to be immediately followed by "without limitation." The preamble is hereby incorporated herein by reference.

13.7    <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  For purposes hereof, a facsimile or .pdf signature shall be deemed an original.

13.8    <u>Binding Effect</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties, Defendant, the Named Plaintiff, the Class Members, and their representatives, heirs, successors, and assigns.  The Parties expressly agree that the terms hereof, including all promises and covenants stated herein, are contractual and shall survive the execution hereof and entry of the Final Judgment and Order and shall continue in full force and effect thereafter in accordance with their terms.

13.9   Headings.  The headings and subheadings (if applicable) hereof are included for convenience only and shall not be deemed to constitute part hereof or to affect its construction.

13.10   Waiver.  Any Party may waive rights belonging to it hereunder or defaults or breaches hereof committed by the opposing Party.  No waiver by any Party of any provision hereof or any default or breach hereunder, whether intentional or not, shall be valid, however, unless the same shall be in writing and signed by the Party making such waiver.  Nor shall such waiver be deemed to extend to any prior or subsequent default or breach hereunder or affect in any way any rights arising by virtue of any such prior or subsequent default or breach.

13.11   Full Authority.  All counsel executing this Agreement or any related documents warrant and represent that they have full authority to do so and that they have the authority to make binding commitments in regards to the actions required or permitted to be taken hereunder in order to effectuate its terms.

13.12   Receipt of Advice of Counsel.  The Parties acknowledge, agree, and specifically warrant to each other that they have fully read this Agreement, received independent legal, tax, and financial advice with respect to the advisability of entering into it and with respect to the legal effect hereof.  The Parties further acknowledge, agree, and specifically warrant that they fully understand the legal effect hereof.

13.13   Opportunity to Investigate.  The Parties acknowledge, agree, and specifically warrant to each other that they and their counsel have had adequate opportunity to make whatever investigation and inquiries are deemed necessary or desirable in connection with the subject matter of the Settlement and the advisability of entering into this Agreement. The Parties further agree that Named Plaintiff's Counsel have sufficient information to date, through discovery or otherwise, to allow them to determine that the Settlement is in the best interests of

35

the Class, and no further information, through discovery or otherwise, is necessary or will be sought in connection with the Settlement.

13.14  Good Faith Settlement.  The Parties acknowledge, agree, and specifically warrant to each other that they are entering into this Agreement freely, without duress, in good faith, and at arm's length.  The benefits, procedures and offers set forth in this Agreement constitute the entire consideration provided to the Class under this Agreement and are agreed by all Parties to constitute fair, reasonable and adequate consideration for the Releases and the other agreements and obligations of the Class reflected in this Agreement.  Neither Defendant nor any of the Released Parties shall have any obligations to any Class Members in respect of the Released Claims, except as expressly provided for in this Agreement.

13.15  Unknown Claims.  The Parties acknowledge, agree, and specifically warrant to each other that they are familiar with California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Being aware of California Civil Code Section 1542, all Parties releasing Claims hereby expressly waive any and all rights they may have under this law and under any other federal or state law of similar effect with respect to the matters released herein.

13.16  Notices.  Unless otherwise provided herein, any notice, request, waiver, instruction, application for Court approval, or application for Court order sought in connection herewith or other document to be given by any Party or to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage pre-paid, with copies by email (with read receipt) to the attention of Named Plaintiff's Counsel or Defendant's Counsel (as well as to any other recipients that a court may specify), or if applicable via use of the e-filing

and e-service system for the United States District Court for the Southern District of Alabama. As of the date hereof, the respective representatives are as follows:

|  |  |
|---|---|
| For Defendant: | S. Stewart Haskins II |
|  | Zachary A. McEntyre |
|  | Anush Emelianova |
|  | **King & Spalding LLP** |
|  | 1180 Peachtree Street, NE |
|  | Atlanta, GA 30309 |
|  | Tel: (404) 572–4600 |
|  | Fax: (404) 572–5100 |
|  | shaskins@kslaw.com |
|  | zmcentyre@kslaw.com |
|  | aemelianova@kslaw.com |
|  |  |
| For Plaintiff: | Diandra S. Debrosse-Zimmermann |
|  | **Zarzaur Mujumdar & Debrosse** |
|  | 2332 2nd Avenue North |
|  | Birmingham, Alabama 35203 |
|  | fuli@zarzaur.com |
|  |  |
|  | James H. McFerrin |
|  | **McFerrin Law Firm, LLC** |
|  | 3117 Manitou Lane |
|  | Birmingham, Alabama 35216 |
|  | jhmcferrin@bellsouth.net |

13.17   Extensions of Time.   The Parties may agree, subject to the approval of a court where required, to reasonable extensions of time to carry out the provisions hereof.

13.18   No Third-Party Beneficiaries.   No provision hereof shall provide any rights to, or be enforceable by, any Person other than Named Plaintiff, the Class Members, Named Plaintiff's Counsel, or the Released Parties. No third-party beneficiaries are created or intended to be created hereby.   No Class Member may assign or otherwise convey any right to enforce any provisions hereof.

13.19   Preservation of Privilege.   Nothing contained herein or in any order of a court, and no act required or permitted to be performed pursuant hereto or any order of a court, is

intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege.

13.20  <u>No Public Announcement</u>.  Except as expressly provided in this Paragraph, neither the Named Plaintiff, Named Plaintiff's Counsel, nor the Defendant or Defendant's Counsel shall, without prior written approval of all the other Parties, make any press release or other public announcement concerning this Agreement or the Settlement, except as and to the extent that any such Party shall be so obligated by law and in seeking the Order of a final judgment in this matter, in which case the other Party shall be advised and the Parties shall use their reasonable efforts to cause a mutually agreeable release or announcement to be issued; provided, however, that the foregoing shall not apply to communications or disclosures necessary for a Party to meet its obligations hereunder or to comply with the accounting and/or the Securities and Exchange Commission disclosure provisions or the rules of any stock exchange.  The provisions of this Paragraph exclude postings on Named Plaintiff's Counsel's firm's website pursuant to Paragraph 8.8 herein, any website created by the Settlement Administrator in accordance with paragraph 8.8 herein, or any other notice or public announcement ordered by this Court.

13.21  <u>Confidentiality and Return of Documents</u>.  With respect to all information and documents obtained by, through, or from Defendant, through formal and informal discovery, Named Plaintiff's Counsel and Named Plaintiff represent that they have not shared such information with any individuals or third Parties, other than the Named Plaintiff and Named Plaintiff's Counsel, and their own support staff and retained experts.  This Agreement shall remain confidential until the motion for preliminary approval of this Settlement is presented pursuant to Paragraph 8.3, at which point the fact and terms of this Agreement shall become a

matter of public record.  All information related to this Action including that reflected in Named Plaintiff's Counsel's files shall be maintained in the strictest confidence to be used only in carrying out the express terms hereof.  Forty-five (45) Days after the Effective Date, the Named Plaintiff and Named Plaintiff's Counsel will return to Defendant's Counsel any and all documents, data, and other materials provided by Defendant, including all copies thereof, or an affidavit that documents provided by Defendant marked as Confidential have been destroyed. Upon satisfaction of this duty and responsibility, Named Plaintiff's Counsel will certify in writing that all such data, documents, and materials, and all copies thereof, have been returned or destroyed.  This Paragraph shall not operate to prohibit:  (1) disclosures by Named Plaintiff and/or Named Plaintiff's Counsel that, after reasonable notice to Defendant, are legally required to respond to legal processes or requests from government agencies, nor of any legally required disclosure not specified herein; (2) disclosures to the Named Plaintiff and Named Plaintiff's Counsel's fiduciaries, insurers, personal attorneys, or financial representatives, provided an express agreement to maintain the confidentiality of such information is in place and being adhered to; and (3) Named Plaintiff's Counsel from filing all documents necessary to obtain approval and confirmation of the Settlement and/or to enforce the Settlement as provided herein.

13.22  Confidentiality of Defendant's Proprietary Information.  Information regarding the identity, including without limitation the names, addresses, telephone numbers, facsimile numbers, and email addresses, of Class Members is and shall remain at all times confidential, proprietary information and trade secrets of Defendant.  Notwithstanding anything herein to the contrary, Defendant has no obligations to provide such information or the Notice List to Named Plaintiff, to Named Plaintiff's Counsel, to this Court, or to any other third-party, except that Defendant may provide (a) the Notice List to the Settlement Administrator in connection with

providing Class Notice, and (b) a list of the Class Members who validly excluded themselves from this Settlement pursuant to Paragraph 8.11 to this Court in connection with the Fairness Hearing.  Notwithstanding anything to the contrary herein, if a Person initiates contact with Named Plaintiff's Counsel to ascertain whether that Person is a member of the Class, Named Plaintiff's Counsel may contact the Settlement Administrator, which may inform Named Plaintiff's Counsel whether that Person is a Class Member.  Named Plaintiff's Counsel may then inform that Person whether that Person is a Class Member.

13.23   <u>Governing Law</u>.   This Agreement shall be governed by and construed in accordance with the domestic laws of the State of Alabama without giving effect to any choice or conflict of law provision or rule (whether of the State of Alabama or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Alabama.

13.24   <u>Defamation</u>.  The Named Plaintiff and Named Plaintiff's Counsel agree that they (i) will not make any false statements of fact concerning the Released Parties with respect to the Released Claims; and (ii) will not make any statements to third Persons that could constitute slander, libel, or which would have a tendency to subject the Released Parties to ridicule or disparagement with respect to the Released Claims.

IN WITNESS WHEREOF. Named Plaintiff and Defendant have executed this Settlement

Agreement and Release on the date set forth below. 2017.

Dated:  August  23. 2017

_____
Diandra S. Debrosse-Zimmermann
**Zarzaur Mujumdar & Debrosse**
2332 2nd Avenue North
Birmingham, Alabama 35203
fuli@zarzaur.com

James H. McFerrin
**McFerrin Law Firm, LLC**
3117 Manitou Lane
Birmingham, Alabama 35216
jhmcferrin@bellsouth.net

*Attorneys for Plaintiff*
*Family Medicine Pharmacy LLC*

_____
S. Stewart Haskins II (admitted *pro hac vice*)
Zachary A. McEntyre (admitted *pro hac vice*)
Anush Emelianova (admitted *pro hac vice*)
**King & Spalding LLP**
1180 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 572–4600
Fax: (404) 572–5100
shaskins@kslaw.com
zmcentyre@kslaw.com
aemelianova@kslaw.com

M. Warren Butler (BUT021)
**Starnes Davis Florie LLP**
RSA Battle House Tower, 20th Floor
P. O. Box 1548
Mobile, AL 36633–1548
Phone: (251) 433–6049
Fax: (251) 433–5901
mwb@starneslaw.com

*Attorneys for Defendant Impax Laboratories,*
*Inc.*

41

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA, MOBILE DIVISION**

**Family Medicine Pharmacy, LLC v. Impax Laboratories, Inc.,**
**No. 1:17-cv-00053 (S.D. Ala.)**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

THIS IS **NOT** A SOLICITATION.
THE SENDING OF THIS NOTICE BY FACSIMILE OR MAIL HAS BEEN APPROVED BY THE COURT.
**YOU RECEIVED THIS NOTICE BECAUSE THE RECORDS OF DEFENDANT INDICATE
YOU MAY BE A MEMBER OF THE PROPOSED SETTLEMENT CLASS IN THIS CASE.
PLEASE READ THIS NOTICE CAREFULLY. IF YOU WISH TO BE PAID BENEFITS
UNDER THIS SETTLEMENT, YOU MUST SUBMIT A CLAIM FORM BY [DATE].**

## I. WHY YOU RECEIVED THIS NOTICE

You received this notice because the records of Defendant Impax Laboratories, Inc. ("Impax" or "Defendant") show that you may have received an unsolicited fax advertisement from Impax and therefore you may be a member of the Settlement Class.

## II. WHAT IS THE LAWSUIT ABOUT?

Plaintiff Family Medical Pharmacy LLC ("Plaintiff") sued Impax, alleging that it received unsolicited facsimile advertisements sent by Defendant promoting Defendant's goods and/or services, without prior consent or an established business relationship, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff sought to represent a class of persons to whom Defendant sent the allegedly unsolicited facsimile advertisements. Defendant denies these allegations but has agreed to settle these claims solely to avoid the costs and uncertainties of litigation. Defendant will vigorously defend the lawsuit if the proposed settlement is not approved. Plaintiff has brought this action on behalf of itself and the Settlement Class set forth below. The Court has preliminarily certified the Settlement Class which has been defined as:

> All individuals and/or entities whom or which received one or more unsolicited advertisements via facsimile from Defendant between December 1, 2013 and the date of entry of the Preliminary Approval Order.

The Notice List is compiled from records maintained by Defendant's agent showing the facsimile numbers of persons who potentially received allegedly violative fax advertisements from Defendant from December 1, 2013 through and including the date of entry of the Preliminary Approval Order.

## III. WHO REPRESENTS YOU

The Court has appointed McFerrin Law Firm LLC and Zarzaur Mujumdar & Debrosse to represent the Settlement Class. Counsel for Plaintiff and the Settlement Class Members may be contacted at:

**McFerrin Law Firm LLC, 3117 Manitou Lane, Birmingham, Alabama 35216; Tel.: (205) 910-8597, Fax: (205) 985-5093;**

and

**Zarzaur Mujumdar & Debrosse, 2332 2nd Avenue North, Birmingham, Alabama 35203; Tel.: (205) 983-7985, Fax: (888) 505-0523.**

## IV. WHAT IS THE PROPOSED SETTLEMENT?

The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed settlement, Defendant has agreed to (1) pay a total of $4,815,700 to settle the claims of Plaintiff and the Settlement Class (the "Settlement Amount") and (2) pay up to $75,000.00 towards reasonable costs of notice and settlement administration costs ("Administration Costs"). If this settlement is approved by the Court, the Settlement Amount will cover an incentive award to the Plaintiff, Family Medical Pharmacy LLC, for its service as class representative (up to **$20,000.00**), attorneys' fees to Counsel for Plaintiff and the Settlement Class (up to 1/3 of the Settlement Amount less Administration Costs), plus any Administration Costs in excess of $75,000. Counsel for Plaintiff and the Settlement Class will file a petition for attorney's fees on **DATE, 2017**. After these amounts are deducted from the Settlement Amount, each Settlement Class Member who submits a valid claim by **DATE, 2017** will receive a pro rata share of the remaining Distributable Settlement Fund not to exceed $500.00 per fax transmission. **Your share of the Distributable Settlement Fund depends on how many Settlement Class members submit Claim Forms and how many allegedly violative faxes (in the aggregate) they claim to have received.** Although the exact number of Settlement Class Members and allegedly violative faxes is not currently known, the parties estimate based on a review of Defendants' records that there could be approximately 40,000 or more allegedly violative faxes.

## V.  SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS

**Members of the Settlement Class have the following options:**

**(1)  Remain a member of the Settlement Class and submit a Claim Form to receive a portion of the Distributable Settlement Fund.**  In order to receive a cash payment under this settlement, you must fully complete and submit the Claim Form at the end of this notice in the manner indicated (see instructions on Claim Form) by **DATE, 2017**.  If you do not submit a fully completed Claim Form by the date indicated, you will not receive a payment from the settlement fund and you will still remain a member of the Settlement Class and be bound by the terms of the Settlement Agreement entered into with respect to this lawsuit.  Under federal tax laws, if you receive a payment in excess of $599.99, the person making the payment is required to obtain a form W-9 from you.  This is a one page form that asks for basic identification information.  If you are entitled to recover payment in excess of $599.99 and you do not submit a completed W-9 form in addition to your Claim Form, then the Settlement Administrator will deduct tax withholdings from the settlement payment.

**(2)  Exclude yourself from the Settlement.**  If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement by sending (via US Mail) a letter of notice of your intent to be excluded from the Settlement to the Settlement Administrator, JND Class Action Administration.  The notice of exclusion must state your name (or the name of your company), address, the fax number at which you were sent a fax from Defendant, the case name and number at the top of this notice, and state that you wish to be excluded from the Settlement Class.  The Notice of Exclusion must be received or postmarked on or before **DATE, 2017** or you will remain a Settlement Class Member.  If you exclude yourself from the Settlement, you will not be eligible to receive a payment from the settlement fund and you will not be releasing any claims you may have against Defendant.

**(3)  Object to the Settlement.**  You have the right to tell the Court that you object to the Settlement or some part of it by filing a written objection with the Clerk of the Court advising the Court of your objection.  If you wish to object to the Settlement, you must remain a member of the Settlement Class and you cannot exclude yourself from the Settlement Class.  Either on your own or through an attorney you can file an objection explaining why you think the Court should not approve the settlement.  You must file the objection with the Clerk of the United States District Court, Southern District of Alabama, John A. Campbell United States Courthouse, 113 Saint Joseph Street, Mobile, AL 36602. The objection must contain the case name and number – *Family Medicine Pharmacy, LLC v. Impax Laboratories, Inc.,* No. 1:17-cv-00053 – at the top; your name, address and the fax number to which you were sent the fax by Defendant; a statement of your objection to the Settlement Agreement, an explanation of the legal and factual basis for the objection; and documentation, if any, to support your objection. The objection must be filed with the Clerk of the Court on or before **DATE, 2017**. The Court will consider your objection **if** you properly submit an objection on time.  You must also mail a copy of your objection to

Plaintiff's Counsel at the address provided in paragraph III and to Defendants' Counsel at the following address: S. Stewart Haskins II, Zachary A. McEntyre, Anush Emelianova, King & Spalding LLP, 1180 Peachtree Street, NE, Atlanta, GA 30309, Tel: (404) 572–4600, Fax: (404) 572–5100.

**(4)  Do Nothing.**  You are not required to take any action and may simply do nothing.  If you do nothing you will remain a member of the Settlement Class but you will not receive any recovery and will be bound by all the terms of the Settlement Agreement including, but not limited to, a release of any claims you may have against Defendant for allegedly sending you an unsolicited fax advertisement.

## VI.  WHAT AM I GIVING UP UNDER THE SETTLEMENT?

If the settlement becomes final, you will be releasing Defendant and the Released Parties for any claims you may have against them under the TCPA, any comparable statutes of any state, and any other federal or state statutory, regulatory, or common law, and for relief under any equitable theory that was asserted or could have been asserted based on or relating to the transmission of unsolicited advertising facsimiles to you by Defendant.  This release is more fully explained in the Settlement Agreement, which is available at the Clerk's Office during regular business hours, United States District Court, Southern District of Alabama, John A. Campbell United States Courthouse, 113 Saint Joseph Street, Mobile, AL 36602, and is also posted on www.zarzaur.com and on the website of the settlement administrator, www.website.com.

## VII.  FINAL APPROVAL HEARING

The Court has scheduled a final approval hearing for **DATE, 2017 at TIME a.m.** in the United States District Court, Southern District of Alabama, John A. Campbell United States Courthouse, 113 Saint Joseph Street, Mobile, AL 36602.  You do not have to appear at this hearing.  You or your attorney may attend this hearing if you desire and may request to address the Court regarding any matters relating to this Settlement.

## VIII.  WHERE CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed settlement.  It is not a complete statement of the lawsuit or the proposed settlement.  You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in this case number, 1:17-cv-00053, at the office of the Clerk of the Court, United States District Court, Southern District of Alabama, John A. Campbell United States Courthouse, 113 Saint Joseph Street, Mobile, AL 36602. This Claim Notice, the Claim Form, the Preliminary Approval Order, the Settlement Agreement (excluding exhibits) and Plaintiff's Counsel's Petition for Attorney's Fees are also available on www.zarzaur.com and on the website of the settlement administrator, www.website.com. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address and phone number listed above.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION.**
BY ORDER OF THE U.S. DISTRICT COURT, S.D. ALA

# EXHIBIT B

## CLAIM FORM

### Family Medicine Pharmacy, LLC v. Impax Laboratories, Inc.,
No. 1:17-cv-00053 (S.D. Ala.)

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE, FAXED, OR POSTMARKED ON OR BEFORE <u>DATE, 2017</u> TO THE FOLLOWING:**

FMP v. Impax Laboratories Settlement Administrator
C/O JND Class Action Administration
PO Box 6998
Broomfield, CO 80021
Fax: 1-866-540-4423

**INSTRUCTIONS**: You must provide all required information below and sign this Claim Form and either submit it online, mail it, or fax it. You may be required to submit a W-9 form if the value of your claim exceeds $599.99. An example is available at <u>www.webaddress.com</u>. This Claim Form is a one-page form that asks for basic identification information. If you are required to submit a W-9 form and do not do so, the Settlement Administrator will deduct tax withholding from your settlement payment. Please print or type the following information:

NAME OF PERSON OR ENTITY WITH FAX NUMBER(S):

**Your Name or Company Name:**

_____

**Contact Name if a Company:**

Last: _____

First: _____

**Address:**

Line 1: _____

Line 2: _____

City/St/Zip: _____

**Current Fax Number (area code and number):**

Fax: (_____) _____

**Fax Number used by Impax Laboratories for solicitation (area code and number), if different than above:**

Fax: (_____) _____

I am verifying under penalty of perjury that during the period December 1, 2013 through and including **[date of Preliminary Approval Order]**, I or my company received at least one unsolicited fax advertisement from Defendant.

**Note to Claimant:** The Settlement Administrator has been provided with the number and date of faxes sent to you, if any, as reflected in the records of Defendant. **You should go to the settlement administrator's web-site, search the list of fax numbers for your fax number, and review the number and date of faxes sent to you, if any, as reflected in the records of Defendant – your claim will automatically be for only those faxes unless you indicate otherwise**. If you are making a claim for any <u>other</u> unsolicited faxes sent to you by Defendant, you **<u>must</u>** (i) check this box ☐ and (ii) attach a copy of any other unsolicited fax to this Claim Form.

_____          Date: _____
Signature


_____
Print name and title

### IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS
### ON FILE WITH THE SETTLEMENT ADMINISTRATOR

Questions? Please call **1-844-853-3428** or visit **www.webaddress.com**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| **FAMILY MEDICINE** | ) | |
| **PHARMACY LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 1:17-CV-00053** |
| **v.** | ) | |
| | ) | |
| **IMPAX LABORATORIES, INC.,** | ) | |
| a California corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

This matter is before the Court on the Motion of Plaintiff Family Medicine Pharmacy LLC ("Plaintiff") for Preliminary Approval of Class Action Settlement with Defendant Impax Laboratories, Inc. ("Impax") and to issue notice to the Settlement Class. The Motion was heard on **DATE, 2017**.

The capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement which is attached as Appendix A to Plaintiff's Motion for Preliminary Approval (the "Settlement Agreement"). Having considered Plaintiff's moving papers, the signed Settlement Agreement and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

(a)    The settlement proposed in the Settlement Agreement (the "Settlement") has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)    The class notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

1

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the class notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23 (c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     For the reasons stated on the record, and in Plaintiff's Motion for Preliminary Approval, the settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All individuals and/or entities whom or which received one or more unsolicited advertisements via facsimile from Defendant between December 1, 2013 and the date of entry of the Preliminary Approval Order.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class is ascertainable, so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative (as defined below) are typical of the claims of the Settlement Class, and the Class Representative will fairly and

adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     The Court preliminarily appoints Plaintiff Family Medicine Pharmacy LLC as class representative of the Settlement Class ("Class Representative") and finds that it meets the requirements of Fed. R. Civ. P. 23.

4.     The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: James H. McFerrin, Esq., of McFerrin Law Firm LLC, 3117 Manitou Lane, Birmingham, Alabama 35216 and Diandra S. Debrosse Zimmermann, Esq., of Zarzaur Mujumdar & Debrosse, 2332 2nd Avenue North, Birmingham, Alabama 35203.

5.     The Settlement Administrator shall be JND Legal Administrators.

6.     The Settlement Administrator shall establish an account in the name of *Family Medicine Pharmacy LLC v. Impax Laboratories, Inc., Settlement Amount* at Signature Bank (the "Escrow Account"). The Escrow Account shall be held in *custodia legis* and remain subject to this Court's jurisdiction.

7.     The Court orders Defendant to deposit the Pre-Effective Date Administration Costs into the Escrow Account within fourteen (14) days after entry of this Order, and further orders that said amount (less Seventy-Five Thousand Dollars ($75,000)) shall be deemed to have been paid by Defendant towards the Settlement Amount.

8.     If the Settlement Agreement is terminated pursuant to its terms prior to the Effective Date, then all other provisions of the Settlement Agreement shall be deemed null and

3

void *ab initio* and without force or effect. In such event, the Settlement Agreement shall not be offered in evidence or used in this or any other lawsuit for any purpose, including the existence, suitability for certification, or maintenance of any purported class. In such event, the Settlement Agreement and all negotiations, statements, proceedings, and documents prepared in connection therewith or in connection with this motion (including all legal briefs and exhibits thereto) shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law and shall not be offered by anyone adverse to Defendant for any purpose whatsoever in any lawsuit. In the event of such termination, all Parties to this Action shall stand in the same position as if the Settlement Agreement had not been negotiated, signed, or filed with the Court.

9.      Within seven (7) days of entry of this Order, Defendant's Counsel shall provide the Settlement Administrator with the Notice List.

10.      The Settlement Administrator shall give notice to the Settlement Class of the settlement, its terms, the right to opt out, the right to appear, and the right to object to the settlement as set forth in Exhibit B annexed to the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted and Settlement Class Counsel is ordered to ensure notice is issued to the Settlement Class as set forth in the Settlement Agreement.

11.      The form of notice that the Settlement Administrator will provide is attached as Exhibit B to the Settlement Agreement. By **DATE, 2017**, the Settlement Administrator is ordered to send the notice substantially in the form of Exhibit B to the Settlement Agreement and a claim form substantially in the form of Exhibit A to the Settlement Agreement by facsimile

4

and/or mail as set forth in the Settlement Agreement. Within twenty-one (21) days of the date that notice was first sent by facsimile, the Settlement Administrator shall send the Class Notice and Claim Form by facsimile to each Class Member identified on the Notice List who did not submit a Claim Form or otherwise respond to the Class Notice by that date ("Supplemental Notice"). The Settlement Administrator shall make at least two attempts to transmit the notice where the initial transmission failed. The Settlement Administrator will also make reasonable efforts to identify the mailing address of every Class Member to whom fax transmission fails and send the Class Notice and Claim Form by mail to each Class Member. The Settlement Administrator will also publish notice of the Settlement on its website. Additionally, Settlement Class Counsel will also publish Exhibit A, Exhibit B, this Order, the Settlement Agreement (excluding exhibits), the Petition for Attorney's Fees, and IRS Form W-9 on www.zarzaur.com. The Settlement Class Administrator shall create a website which allows for the electronic submission of Claim Forms. The website created by the Settlement Class Administrator, shall also post Exhibit A, Exhibit B, this Order, the Settlement Agreement (excluding exhibits), Settlement Class Counsel's Petition for Attorney's Fees, and IRS Form W-9. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this Litigation. The Court finds that no other notice is necessary. The Settlement Administrator and/or Settlement Class Counsel shall provide the Class Notice and/or the Claim Form to Settlement Class Members who request it.

12.     To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a)     Claim Forms shall be returned by Settlement Class Members to the Settlement Administrator online, by fax, by electronic mail, or by mail with a postmark on or before **DATE, 2017**. Claims not submitted by this date shall be barred.

(b)     Objections of Settlement Class Members or any appearance of an attorney on behalf of a Settlement Class Member shall be filed in this Court and served by mail postmarked to Settlement Class Counsel and Defendant's Counsel on or before **DATE, 2017**, or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity) and address, (b) the fax number to which the Settlement Class Member was sent any fax by Defendant; (c) a statement of the objection to the Settlement Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c)     All memoranda filed by any Settlement Class Member in connection with objections must be filed in this Court and served on Settlement Class Counsel and Defendant's Counsel by mail postmarked on or before **DATE, 2017**, or shall be forever barred.

(d)     Requests by any Settlement Class Member to opt out of the settlement must be mailed to Settlement Class Counsel and the Settlement Administrator on or before **DATE, 2017**, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Settlement Class Member's name, address, and the fax number at which it was sent any fax from Defendant; and (b) a statement to the effect that the Settlement Class Member does not want to participate in the settlement.

6

13.     The Settlement Administrator shall file an affidavit attesting to the fact that notice was issued in accordance with the Settlement Agreement by **DATE, 2017**.

14.     Within fourteen (14) days after expiration of the deadline for Class Members to request exclusion from the Settlement Class, Settlement Class Counsel or the Settlement Administrator shall file with the Court and serve on Defendant's Counsel the Opt-Out List.

15.     Defendant's Counsel shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than **DATE, 2017**.

16.     The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court, will be conducted on **DATE, 2017 at TIME a.m.**

17.     All papers in support of the Settlement Agreement shall be filed no later than **DATE, 2017**. The Parties have proposed the Auburn University's School of Pharmacy general scholarship fund, as the *cy pres* recipient, should any funds remain to be distributed. Any responses to objections shall be filed with the Court on or before **DATE, 2017**. There shall be no replies from objectors. Settlement Class Counsel shall file an attorneys' fee petition on **DATE, 2017**.

18.     Defendant shall have the sole discretion to terminate the Settlement Agreement if a certain percentage of the total number of Settlement Class Members submit valid requests to opt out as separately agreed to by the Parties and submitted to the Court for in camera review. Defendant has fourteen (14) days from receipt of the final Opt-Out List in which to exercise this right to terminate.

19.     Pending the Final Judgment and Order, neither Plaintiff nor any Class Member shall either directly, representatively, or in any other capacity, commence or prosecute any action or proceeding in any court or tribunal asserting any Released Claims against any Released Parties unless such person has opted out of the Action according to the terms of the Settlement or this Court's order.

20.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

ENTER:

Dated:_____        _____
                                       United States District Judge