**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISON**

| | |
|---|---|
| **FAMILY MEDICINE PHARMACY LLC,** and others similarly situated, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No. 17-00053-WS-MU** |
| | ) |
| **IMPAX LABORATORIES, INC.,** a California corporation, | ) |
| | ) |
| **Defendant.** | ) |

**MOTION AND INCORPORATED MEMORANDUM FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE PAYMENTS FOR CLASS REPRESENTATIVES**

Plaintiff, Family Medicine Pharmacy, LLC (hereinafter "Family Medicine") and Class Counsel, Diandra Debrosse Zimmermann (hereinafter "Debrosse") and James H. McFerrin (hereinafter "McFerrin"), hereby respectfully move this Court to enter an Order awarding the following from the proposed settlement amount: (a) attorneys' fees in the amount of One Million Six Hundred Thousand, and no Cents ($1,600,000.00), representing one-third of the benefit to the Settlement Class (as defined in the Settlement Agreement, (Doc. 49-1)); (b) reimbursement of expenses incurred in this action in the amount of One Thousand Four Hundred and Fifty Dollars ($1,450.00); and (c) an incentive award to Class Representative Family Medicine of Twenty Thousand Dollars and Zero Cents ($20,000.00). As discussed more fully herein, the requested fees and expenses are well within the range of fees awarded in common fund class action cases such as this.

## I. PRELIMINARY STATEMENT

Class Counsel prosecuted this action on a purely contingent fee basis. When this case was filed on January 30, 2017, a positive result was far from assured. Despite the risks of failure, the extensive time it would take, a subsequent parallel filing in another jurisdiction, and strong opposition, Plaintiff's counsel successfully prosecuted this matter, resulting in the proposed settlement before this Honorable Court.

Due to Plaintiff's success, a settlement fund of Four Million Eight Hundred Fifteen Thousand Seven Hundred Dollars and Zero Cents ($4,815,700.00) (hereinafter "Settlement Fund") will be established, if this Honorable Court so approves, from which the Settlement Class (hereinafter "Settlement Class" or "Class") members may claim their share. Plaintiff also secured an additional Seventy-Five Thousand Dollars ($75,000.00) to be paid by the Defendant for notice and class settlement administration costs.

As compensation for the considerable efforts advanced in this litigation, Class Counsel request that this Honorable Court approve an award of attorneys' fees in the amount of One Million Six Hundred Thousand Dollars ($1,600,000.00). This fee request equates to one third of the Settlement Fund, and is less than the one-third attorney fee set forth in the notice which was properly issued to the Class.

The fee requested is justified by, among other reasons, the common fund created, as well as the substantial risks involved in prosecuting this litigation, the complexity of the litigation, the substantial amount of time expended in prosecuting this action, and the risks associated with the handling of this matter on a contingent fee basis.

The fairness and reasonableness of the requested fee award is further confirmed by an examination of the factors traditionally employed by courts considering fee requests in class

action common-fund cases, like the present matter. When viewed as a percentage of the total recovery, the requested fee is well within the range of reasonableness for cases of this nature. It is important to note that courts often award percentage fees well in excess of the percentage requested here. As discussed below, the percentage-of-recovery method (rather than the lodestar method) is the preferred approach in analyzing class action fee applications in the Eleventh Circuit.

Indeed, the percentage-of-recovery method is now widely perceived by courts across the country as the most sensible and fair approach to calculating attorneys' fees because that is how counsel are compensated for securing a recovery on a contingent basis in the private legal services marketplace.

This action was hard fought and, at the same time, prosecuted effectively and efficiently with a minimum of waste and duplication. Counsel prevailed in creating a common fund and obtaining significant relief for the Class. Excellent results were achieved, particularly in light of the substantial opposition and risks involved.

## II. FACTUAL BACKGROUND

In 2009, the Junk Fax Prevention Act, 47 U.S.C. 227, et seq., (hereinafter "The Act"), was signed into law and served to amend the Telephone Consumer Protection Act of 1991 to prohibit fax transmissions containing unsolicited advertisement. Specifically, the Act makes it unlawful for Defendants to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

The Act makes it unlawful for Defendant Impax to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States where said advertisement fails to provide the recipient with a cost-free mechanism to opt out of receiving said transmissions in the future. 47 U.S.C. §227(b)(1)(C)(iii).

The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3). Plaintiff Family Medicine, on behalf of itself and the Class, filed the present action on January 30, 2017 seeking statutory and other damages for violation of the TCPA.

After extensive litigation and negotiation, the parties reached a mediated settlement on July 18, 2017, with the aid of mediator Bruce Rogers.

As set forth below, Plaintiff's Counsel respectfully submits that the fee requested is reasonable and well within the range of those fee requests approved by both federal and Alabama courts in common fund cases.

## III. ARGUMENT

### A. Plaintiff's Counsel are Entitled to Compensation Based on the Benefits Created by the Litigation

The common fund doctrine is one of the earliest recognized exceptions to the "American Rule," which generally requires that litigants bear their own costs and attorneys' fees. Premised on the equitable powers of the court, the common fund doctrine allows a person who maintains a suit that results in the creation, preservation or increase of a benefit in which others have a common interest to be reimbursed for the litigation expenses incurred. *Central R.R. & Banking Co. v. Pettus,* 113 U.S. 116 (1885); *see also, Trustees v. Greenough*, 105 U.S. 527 (1882); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939); *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 973 (7th Cir. 1991).

Under this "equitable fund" doctrine, attorneys for the representative plaintiffs in litigation resulting in a recovery for a class may petition the court to be compensated for their efforts. As explained by the United States Supreme Court in the *Boeing* case: "a litigant or a lawyer who recovers a common fund for the benefit of a person other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemery, supra.*, 444 U.S. at 478. *See also Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F. 2d 265, 271 (9th Cir. 1989); *Ex parte Horn*, 718 So. 2d 694, 702 (Ala. 1998) ("attorney's fees may be awarded where the plaintiff's efforts are successful in creating a fund out of which the fees may be paid, or when the efforts of the plaintiff's attorneys render a public service or result in a benefit to the general public in addition to serving the interests of the plaintiff").

**i. The Benefits Resulting from the Efforts of Plaintiff's Counsel Provide a Basis for an Award of Attorneys' Fees**

The efforts of Plaintiff's counsel led to the creation of the Settlement Fund from which Class members may claim their share, in addition to an additional $75,000 to be paid by Defendant Impax toward notice and settlement administration. It is well established that where a representative party has made a "substantial contribution" to conferring a "benefit" upon an identifiable class, counsel for that party is entitled to an allowance of attorneys' fees relative to the benefit obtained. *See, e.g., Mills v. Electric, supra.*, 396 U.S. at 375; *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974); *Ex parte Horn supra.*, 718 So. 2d at 702.

The "substantial benefit" doctrine serves the goal of equitably distributing the fees and costs of successful litigation among all who gained from the named plaintiff's efforts. *See Ramey*, 508 F. 2d at 1995; *Generally, Boeing v. Van* Gemery, supra.; *Reiser v. Del Monte Properties Co.*, 605 F. 2d 1135, 1139 (9th Cir. 1979).

In this case, Plaintiff's Counsel vigorously prosecuted this action, and through their efforts the Class Members will have the right to receive cash from the common fund, and the complained of practice of the dissemination of unsolicited facsimiles by the Defendant has ceased. Plaintiff's Counsel's seeks a reasonable portion of the overall value created for the Class.

**ii. The Percentage Approach is the Most Appropriate Method for Testing the Appropriateness of the Fee Request**

The United States Supreme Court has consistently held that the percentage-of-recovery approach is an appropriate methodology for assessing plaintiffs' counsel's fees. *See, e.g., Sprague, supra.*, 307 U.S. at 164-67; *Central R.R. & Banking, supra.*, 113 U.S. at 123; *Greenough, supra.*, 105 U.S. at 533. The Supreme Court has stated that "under the 'common fund doctrine,'… a reasonable fee is based on a percentage of the fund bestowed on the class…" *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984). That is, "the fee request must be looked at in terms of the percentage it represents of the total recovery." *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 749 (S.D. N.Y. 1985) aff'd 798 F.2d 35 (2d Cir. 1986) (emphasis added).

Consistent with United States Supreme Court precedent, numerous courts of appeal and district courts across the county, including the Eleventh Circuit Court of Appeals, have recognized the desirability and appropriateness of the percentage method. A vast majority of the federal appellate circuits permit percentage awards and some circuits have gone further and have, in fact, mandated the use of the percentage method. *See, e.g., Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) (mandating the use of the percentage of fund).

"Attorneys who represent a class, and achieve a benefit for the class members, are entitled to be compensated for their services." *Ressler v. Jacobson,* 149 F.R.D. 651, 653 (M.D. Fla. 1992) (*citing Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980)). When the parties to a

class action reach a settlement agreement whereby a "common fund" is created for the benefit of the class, an award of attorneys' fees is governed by the common fund doctrine. *See e.g., Stahl v. MasTec, Inc.,* Case No. 8:05-cv-1265-T-27TGW, 2008 WL 2267469, at *1 (M.D. Fla. May 20, 2008). Under this doctrine, class counsel is entitled to a reasonable percentage of the class settlement fund, subject to Court approval. *Camden/Condo. Ass'n, Inc. v. Dunkle,* 946 F.2d 768, 773-74 (11th Cir. 1991).

**iii. The Requested Fee is Appropriate as a Reasonable Percentage of the Total Benefits Conferred**

In the Eleventh Circuit, the preferred approach to calculating attorneys' fees in a common benefit case is as a percentage-of-recovery method. This approach is consistent with practice in the private marketplace where contingent fee attorneys typically negotiate percentage fee arrangements with their clients. This approach provides a strong incentive to plaintiff's counsel to obtain the maximum recovery, and reduces the burden of the Court to review and calculate individual attorney hours and rates. *Camden, supra.*; *Garst v. Franklin Life Ins. Co.*, 1999 U.S. Dist. LEXIS 22666, at *83-84 (N.D. Ala., June 25, 1999).

The Eleventh Circuit, and Courts within the Eleventh Circuit, have indicated that the while the benchmark for contingency fees in class action cases are typically are in the range of 25% to 30%, an upper limit of 50% of the fund may be stated as a general rule, and an award of one-third (1/3) of the common fund is consistent with the trend in Eleventh Circuit. *Waters v. Internat'l Recious Metals Corp.*, 190 F.3d 1291, 1294-95 (11th Cir. 1999); *Camden, supra.,*; *Oakes v. Blue Cross & Blue Shield of Fla., Inc.*, 2016 U.S. Dist. LEXIS 147252, at *16 (S. D. Fla., October 21, 2016); *Mosser v. TD Bank, N.A.* (In Re Checking Account Overdraft Litig., MDL No. 2036), 2013 U.S. Dist. LEXIS 187627 (S. D. Fla., Mar. 18, 2013). *Comeens v. HM*

*Operating, Inc.*, 2016 WL 4398412, slip op., p. 4 (N. D. Ala. Aug. 18, 2016) (approving 33 1/3 percent).

In this case, the Class will receive an amount substantially close to the statutory damages they could have received post-trial, the cost of the notice and administration of the settlement will be borne by Defendant Impax, and the complained of practice is no more. The success achieved, coupled with the time within which the result issued, justifies the percentage fee requested.

**iv. Consideration of the Factors Traditionally Used in Determining Fee Awards also Supports the Requested Fee**

The present fee request is also supported by consideration of the factors for determining a reasonable fee identified in *Camden*, supra., (citing factors originally set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)), which the courts routinely refer to as the *Johnson* factors:

(1) the time and labor required;
(2) the novelty and difficulty of the questions involved;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and the length of the professional relationship with the client; and
(12) awards in similar cases.

Depending on the specific facts of the case, a trial judge may totally ignore some factors and give others different relative weights. *Id.*; *see* also *Ramos v. Lamm*, 713 F.2d 546, 552 (10th

Cir. 1983). In a common fund case, the amount involved and results obtained are the "decisive factor." *Brown v. Phillips Petroleum*, 838 F.2d 451, 456 (10th Cir.1988).

*See also, Peebles v. Miley,* 439 So. 2d 137, 140-41 (Ala. 1983) (establishing general guidelines for courts in determining reasonable attorney fees).

A review of these factors reveals that the requested fee is reasonable.

*a. The Time and Labor Expended by Counsel Supports Approval of the Requested Fee*

Plaintiff's counsel expended in excess of 450 hours to date in this case, and obtained significant relief for Plaintiff and the Class members. Counsel investigated claims of the Class members, researched multiple issues that were presented to the Court or were argued between counsel, drafted the Complaint and Amended Complaint, served informal discovery requests, reviewed detailed informal discovery, participated motion practice, prepared for and participated in settlement negotiations, and negotiated the complex legal issues presented in this matter. Thus, hours spent by counsel and staff in this case on a contingent basis justify the requested fee and reimbursement of expenses.

*b. The Novelty and Difficulty of the Questions involved and the Skill Requisite to Perform the Legal Service Properly Supports Approval of the Requested Fee*

The complexity of the issues in this case required a high degree of legal skill, common sense, and practical experience in the prosecution of this class action matter. Defendants are represented by attorneys with extensive experience in similar litigation.

To prosecute the claims of the class – against defendants represented by highly capable counsel[1] -- it was necessary to have lawyers with substantial experience in class actions and other complex litigation. Their work in this case confirms that Plaintiff's counsel possesses the

[1] The quality of the opposition is a relevant consideration. *See, e.g., Ressler v. Jacobson*, 149 F.R.D. 651m, 654 (M.D. Fla. 1992).

skill necessary to prosecute the case effectively. The unique and changing legal precedents espoused by the U.S. Supreme Court, and the varying interpretations of such by the various District Courts, specifically as it relates to the informational versus advertising nature of facsimiles in "junk fax" class actions, rendered this matter one in which the legal expertise and experience of class counsel was required.

The undersigned's work in this case confirms that they possessed the skill necessary to prosecute the case effectively, and this factor support's Plaintiff's counsel assertion that the requested fee is warranted in this matter.

*c. The Preclusion of other Employment by Plaintiff's Counsel due to Acceptance of This Matter Supports Approval of the Requested Fee*

Plaintiff's counsel James H. McFerrin has limited the size and scope of his practice since the birth of his son, so his total available time to devote to the practice of law is limited. McFerrin continued to represent long-standing defense clients, which routinely consumed a sizable portion of his time – thus limiting his available time to accept contingent fee matters such as the present case. Handling the present matter consumed a substantial portion of McFerrin's available time for contingent fee matters and precluded him from accepting other contingent fee cases.

Debrosse currently is in leadership in mass tort, class action, personal injury, product liability, civil sexual assault and employment discrimination matters. Every case that is taken is taken after a careful analysis due to the size and capacity of her firm. Handling the present matter consumed a substantial portion of Debrosse's available time to accept other contingent fee cases, and to manage other litigation.

The analysis of this factor supports the award of the requested fee.

        *d. The Customary Fee and Contingent Nature of the Fee Supports Approval of the Requested Fee*

From undersigned's experience, the customary fee in a non-class contingency case typically falls between one-third and fifty percent of the settlement or recovery amount. As noted by the declaration of McFerrin, his customary fee in a contingent fee case is forty percent, which is also the agreement with class representative Family Medicine Pharmacy, L.L.C. in this matter.

As noted by the declaration of Debrosse, her customary fees in non-class contingency cases is thirty three to forty five percent depending on the complexity of the matter and the individual circumstances of the client.

Although "[t]here is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee," *In re Sunbeam: Securities Litigation*, 176 F. Supp. 2d at 1333 (quoting *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771, 774 (11th Cir. 1991), an award of one-third (⅓) of the common fund is consistent with the trend in this Circuit. *See, e.g., Comeens v. HM Operating, Inc.*, 2016 WL 4398412, slip op., p. 4 (N.D. Ala. Aug. 18, 2016) (approving 33 1/3 percent); *Guzman v. The Consumer Law Grp.*, 2016 WL 2755915, slip op., p. 4 (S.D. Ga. May 11, 2016)(same); *Diakos v. HSS Sys., LLC*, 2016 WL 3702698, slip op., p. 6 (S.D. Fla. Feb. 5, 2016)(same); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185 (S.D.Fla.2006) (awarding fees of 31 1/3 % of $1.06 billion); *In re: Terazosin Hydrochloride Antitrust Litigation*, 99-1317-MDL-Seitz (S.D. Fla. April 19, 2005) (awarding fees of 33 1/3% of settlement of over $30 million); *In re: Managed Care Litig. v. Aetna*, MDL No. 1334, 2003 WL 22850070 (S.D.Fla. Oct. 24, 2003) (awarding fees and costs of 35.5% of settlement of $100 million); Gutter v. E.I. Dupont De Nemours & Co., 95-2152-Civ-Gold (S.D.Fla. May 30, 2003) (awarding fees of 33 1/3 % of settlement of $77.5 million); Waters v. Int'l Precious Metals Corp., 190 F.3d 1291 (11th Cir.1999) (affirming a fee award of 33 1/3 % of settlement of $40 million).

Plaintiff's counsel request an award that is one-third of the Settlement Fund, which is consistent with requests approved within this Circuit.

The analysis of the customary and contingent nature of the representation in this instance supports the award of the requested fee.

e. *The Contingent Nature of This Representation Supports Approval of the Requested Fee*

Various courts recognize that the contingent fee risk is an important factor in determining the fee award. "A contingency fee arrangement often justifies an increase in the award of attorney's fees." *In re Sunbeam*, 176 F. Supp. 2d at 1335 (quoting *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990)); *see also In re Continental Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) (holding that when a common fund case has been prosecuted on a contingent basis, plaintiffs' counsel must be compensated adequately for the risk of non-payment); *Ressler*, supra., 149 F.R.D. at 656 ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award."); *Walters v. Atlanta*, 652 F. Supp. 755, 759 (N.D. Ga. 1985), *modified*, 803 F.2d 1135 (11th Cir.); *York v. Alabama State Bd. of Education*, 631 F. Supp. 78, 86 (M.D. Ala. 1986).

In this matter, Class counsel accepted and prosecuted this cause on a contingent basis. The risk assumed is a driving factor in determining a reasonable fee. In *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 548 (S. D. Fla.1988), *aff'd*, 899 F.2d 21 (11th Cir.1990), the court noted:

> Generally, the contingency retainment must be promoted to assure representation when a person could not otherwise afford the services of a lawyer.... A contingency fee arrangement often justifies an increase in the award of attorneys' fees. This rule helps assure that the contingency fee arrangement endures. If this "bonus" methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing. (citations omitted).

> See also *In re Sunbeam*, 176 F.Supp.2d at 1335; Ressler v. Jacobson, 149 F.R.D. 651, 656-57 (M. D. Fla.1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.... In evaluating [the contingent fee] factor the Court will not ignore the pecuniary loss suffered by plaintiff's counsel in other actions where counsel received little or no fee."). These factors weigh in favor of awarding Class Counsel 30% of the fund. Class Counsel have received no compensation during the course of this litigation and have also incurred significant expenses in litigating on behalf of the Class, none of which would have been recovered if the case had not been successfully concluded. From the time Class Counsel filed suit, there existed a real possibility that they would achieve no recovery for the Class and hence no compensation. Class Counsel's investment of time and expenses has always been at risk and wholly contingent on the result they achieved. Although Class Counsel have successfully concluded the litigation, this result was not foreseeable at the outset. The relevant risks must be evaluated from the standpoint of Plaintiffs' counsel as of the time they commenced the suit and not retroactively with the benefit of hindsight. The financial risks borne by Class Counsel fully support the appropriateness of the fee requested.

Counsel's commitment to pursuing this claim on a contingent basis, in short, weigh in favor of approval of the requested fee and expenses.

*f. The Result Obtained Supports an Award of the Requested Fee*

In awarding attorneys' fees in a common fund class action, the amount involved and the results obtained are *decisive* factors. *Brown v. Phillips Petroleum*, *supra*., 838 F.2d at 456. In *Brown*, the Tenth Circuit explained that this factor may be given greater weight – particularly in comparison with the time and labor required – when "the recovery was highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class." *Id.* Both conditions apply here.

It is questionable, based upon the facts as Plaintiff so understands after exchanging discovery, that Plaintiff would have been able to establish the willfulness prong entitling Plaintiff and the Class to receive $1,500 per facsimile. Rather, under a best case scenario, the Class members would enjoy $500 per facsimile. As noted in Plaintiff's Memorandum Brief of Points and Authorities in Support of Plaintiff's Unopposed Motion for Final Approval of Class Action

Settlement and Certification of Settlement Class, Class members will enjoy in excess of $450 for each unsolicited facsimile.

Without any assurance of success, Plaintiff's Counsel pursued this matter on a contingent basis, and will allow the Class members to enjoy recovery that is more than 92% of what they could have received statutorily under the best case scenario and in light of the realities of this litigation. Here, the amount of risk involved and the results obtained are a decisive factor, entitled to great weight in awarding attorneys' fees.

*g. The Experience, Reputation and Ability of the Attorneys Supports an Award of the Requested Fee*

Plaintiff's counsel have substantial experience in prosecuting class actions and other complex litigation. *See* affidavits of Debrosse and McFerrin filed herein as Exhibits 1 and 2, respectively.

Plaintiff's Counsel respectfully submits that the result reflects their experience and ability, and supports an approval of the requested fee.

*h. The Awards in Similar Cases Support an Award of the Requested Fee*

It appears that there is a legitimate trend in this Circuit of awarding class counsel of one-third (⅓) of the common fund as an attorney fee. *See, e.g., Comeens v. HM Operating, Inc.*, 2016 WL 4398412, slip op., p. 4 (N.D. Ala. Aug. 18, 2016) (Approving 33 1/3 percent); *Guzman v. The Consumer Law Grp*., 2016 WL 2755915, slip op., p. 4 (S.D. Ga. May 11, 2016)(same); *Diakos v. HSS Sys., LLC*, 2016 WL 3702698, slip op., p. 6 (S.D. Fla. Feb. 5, 2016)(same); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185 (S.D.Fla.2006) (awarding fees of 31 1/3 % of $1.06 billion); *In re: Terazosin Hydrochloride Antitrust Litigation*, 99-1317-MDL-Seitz (S.D. Fla. April 19, 2005) (awarding fees of 33 1/3 % of settlement of over $30 million); *In re: Managed Care Litig. v. A*etna, MDL No. 1334, 2003 WL 22850070 (S.D.Fla. Oct. 24, 2003)

(awarding fees and costs of 35.5% of settlement of $100 million); *Gutter v. E.I. Dupont De Nemours & Co.*, 95-2152-Civ-Gold (S.D.Fla. May 30, 2003) (awarding fees of 33 1/3 % of settlement of $77.5 million); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir.1999) (affirming fee award of 33 1/3 % of settlement of $40 million.

The analysis of this factor supports the award of the requested fee.

*i. The Reaction of the Class Supports an Award of the Requested Fee*

In addition to the *Johnso*n factors, one important factor is the reaction of class members to the proposed attorney fee request. Here, class members were advised by the notice issued in accord with the Court's previous Order that the attorney fees would be as much as one-third of the settlement fund. Despite notice of a potential one-third attorney fee, there has not be an objection presented to date.

B. Plaintiff's Counsel Is Entitled to Reimbursement of Expenses

The award of expenses to counsel who create a common fund is appropriate. *See also, In re Catfish Antitrust Litig.*, 939 F.Supp. 493 (N.D. Miss. 1996) (awarding costs and expenses in addition to the percentage fee); *In re SmithKline Beckman*, 751 F.Supp. 525, 534 (E.D. Pa. 1990); *Spicer v. Chicago Board of Options*, 844 F.Supp. 1226 (N.D. Ill. 1993).

During this litigation, Plaintiff's counsel have advanced and borne the expenses that were necessary to prosecute this matter effectively for the benefit of the Plaintiffs and the Class, and have done so with any eye towards controlling expenses. The expenses total $1,450.00 (Debrosse and McFerrin Affidavits in Exhibits 1 and 2). These expenses were reasonably and necessarily incurred in order to effectively prosecute this case. *Id.*

In light of the reasonableness of the expenses, and the benefit afforded to the Class, Plaintiff respectfully submits that reimbursement of expenses incurred is appropriate.

C. The Award of an Incentive Award to Family Medicine is Warranted

Incentive awards are common in class action litigation where, as here, a common fund has been created for the benefit of the class. *In re Catfish Antitrust Litig.*, *supra.*, 939 F.Supp. at 503-04. Incentive awards compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class litigation. *Allpattah Servs v. Exxon* Corp., 454 F. Supp. 2d 1185, 1218-1219 (S.D. Fla., 2006); *citing In re Southern Ohio Corr. Facility*, 175 F.R.D. 270, 272-76 (S.D. Ohio 1997). Incentive awards serve an important function, particularly where the named plaintiffs participated in the litigation. *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317 (S.D. N.Y. 2005).

This action would not have been possible but for the willing participation of the Class Representative. Family Medicine actively participated in the case by participating in litigation strategy, expending time and energy providing necessary information and materials, and remaining apprised and vigilant throughout the litigation.

Without the only named plaintiff in this matter, the national class would not enjoy the significant benefits of this Settlement Fund. Accordingly, as Family Medicine participated and achieved a substantial benefit for the class under the circumstances, Family Medicine is entitled to additional compensation beyond what they will receive under the terms of the Settlement. Class Counsel suggests that an appropriate amount to compensate the representative would be Twenty Thousand Dollars ($20,000.00).

As noted previously, Settlement Class members were advised of the potential Twenty Thousand Dollars ($20,000.00) class incentive award to be provided to Family Medicine, but none of the thousands of Class members who received the notice submitted any objection. The lack of an objection weighs heavily in favor of the requested incentive award.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Counsel respectfully request that the Court enter an Order:

1. Granting the motion for an award of attorneys' fees in the amount of One Million Six Hundred Thousand, and Zero Cents ($1,600,000.00), to be paid from the Settlement Fund created and maintained in this matter;
2. Granting the request for reimbursement of expenses in the amount of One Thousand Four Hundred and Fifty Dollars ($1,450.00), to be paid from the Settlement Fund created and maintained in this matter;
3. Granting an award of Twenty Thousand Dollars ($20,000.00) as an incentive payment to Plaintiff Family Medicine LLC as the Class Representative, to be paid from the Settlement Fund created and maintained in this matter; and
4. Granting all further and just relief.

Respectfully submitted this the 2nd day of February, 2018.

/s/Diandra S. Debrosse Zimmermann
Diandra S. Debrosse Zimmermann
ASB-2956-7N6D

**OF COUNSEL:**
**ZARZAUR MUJUMDAR & DEBROSSE – TRIAL LAWYERS**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
E: fuli@zarzaur.com

/s/James H. McFerrin
James H. McFerrin
ASB- 2945-m72j

**OF COUNSEL:**
**McFERRIN LAW FIRM, LLC**
3117 Manitou Lane
Birmingham, Al 35216
T: (205) 637-7111
F: (205) 637-7212
E: jhmcferrin@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of February, 2018, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notifications of such filing to all counsel of record:

S. Stewart Haskins, II (admitted *pro hac vice*)
Zachary A. McEntyre (admitted *pro hac vice*)
Anush Emelianova (admitted *pro hac vice*)
**King & Spalding LLP**
1180 Peachtree Street, NE
Atlanta, GA 30309
shaskins@kslaw.com
zmcentyre@kslaw.com
amelianova@kslaw.com

M. Warren Butler
**Starnes Davis Florie LLP**
RSA Battle House Tower, 20th Floor
P.O. Box 1548
Mobile, AL 36633-1548
mwb@starneslaw.com

/s/ Diandra S. Debrosse Zimmermann
OF COUNSEL